By the Court.—Truax, J.
The action was brought to foreclose a mortgage made in February, 1853, by the above named George Conoma. Shortly after making the mortgage the said George Conoma, who was then a sailor, left New York and has never since been heard from. The plaintiff made said mortgagor, George Conoma, a party to the action, and he also made “ all persons unknown having, or claiming an interest in the premises described in the complaint, such unknown persons or owners being herein described as the wife, widow, heirs at law, devisees, grantees, assignees, or next of kin, if any, of said defendant, George Conoma, and their respective husbands, and wives, if any, all of whom and whose names except as stated are unknown to the plaintiff.” There were other persons made defendants with the same general description. It is unnecessary to set out in full the names of those so made defendants.
The appellants contend that the court could not render judgment against the alleged unknown owners without some evidence that they were in fact unknown or absentees, or that the said George Conoma died without heirs at law or next of kin, and refer to section 451 of the Code of Civil Procedure, and to certain eases as authority for that contention.
Section 451 says, that “ Avhere the plaintiff is ignorant of the name, or part of the name, of a defendant, he may designate that defendant in the summons * * * * by a fictitious name, or by as much of his name as is known, adding a description identifying the person intended. Where the plaintiff demands judgment against an unknown person, he *109 may designate that person as unknown, adding a description tending to identify him. In either case the person intended is thereupon regarded as a defendant in the action, and as sufficiently described therein for all purposes, including service of the summons as prescribed in article second of the last title.” This section is composed of section 175 and part of section 135 of the old Code.
We are of the opinion that Wheeler v. Scully, 50 N. Y. 667, is a direct authority against the appellants in this action. That was an action for the foreclosure of a mortgage executed by the defendant Scully, and as in this case, in that, the mortgagor, Scully, left the state in the year 1853, and has not been since heard from.
Service of the summons was made under subdivision 6 of section 135 of the old Code, which is as follows: “ In actions for the foreclosure of mortgages on real estate * * * if any party or parties having any interest in or lien upon such mortgaged premises are unknown to the plaintiff, and the residence of such party or parties cannot with reasonable diligence be ascertained by him, and such fact shall be made to appear by affidavit to the court * * * such court * * * may grant an order that the summons be served on such unknown party or parties by publishing the same * * * which publication shall be equivalent to a personal service on such unknown party or parties.”
In Wheeler v. Scully, supra, the printed book on appeal shows that the action was brought against “ Patrick Scully, if living, and his wife, if any, whose name is unknown to plaintiff, and the widow, devisees, heirs at law and next of kin of the said Patrick Scully, if deceased, who are unknown to the plaintiff.” Judgment was perfected in that action, and upon the sale the premises were bid off by one Cabre. He refused to take title and complete the purchase upon the ground *110 that from the length of time which had elapsed it was to be presumed that the mortgagor was dead; that it was as much to be presumed that his heirs at law were infants as that they were adults, and if infants, the judgment did not bar them as the service of summons was not sufficient as against infants : whereupon a motion was made to compel him to complete the purchase. It was held by the Court of Appeals that if it be conceded that the presumption was that the mortgagor was dead—as to which the court expressed doubt—and if the unknown heirs were infants, they were bound by the service, as the subdivision of section 135 above referred to made no exception in case the unknown defendants were infants; and that if otherwise, there was no presumption that they were infants, and this was for the purchaser to show in order to justify his refusal.
We are unable to distinguish Wheeler v. Scully, supra, from the case before us.
The order appealed from is affirmed with costs to the plaintiff.
Sedgwick, Ch. J., and Dugro, J., concurred.