EMIL SALERNO and GABRIEL MARABELLA, Respondents, *v.* RANDAL HOLDEN, Appellant.

First Department, November 17, 1939.

*Jonathan Holden* of counsel [*Edward J. Wren* and *Jonathan Holden*, attorneys], for the appellant.

*Edgar Hirschberg*, for the respondents.

UNTERMYER, J. The action is to recover the amount of a payment made by the plaintiffs on a contract for the purchase of real estate situated in the county of Bronx, together with the cost of examination of title and attorney's compensation. The defendant had acquired title to the premises by purchase at a sale under a judgment in a partition action. One of the defendants in that action was Frank H. Baldwin, a married man. The plaintiffs in the present action rejected title on the ground that the judgment in the partition action had not divested the wife of Frank H. Baldwin of her inchoate right of dower. It, therefore, becomes necessary to consider the effect of the final judgment in that action on the dower right of Mrs. Frank H. Baldwin.

The summons in the partition action named as defendants " Clarence Baldwin, Frank H. Baldwin, Victor Herbert Baldwin, and their wives, if any, whose names are unknown to plaintiff." It is conceded that the summons was served on Mrs. Frank H. Baldwin. Thereafter an interlocutory judgment was entered which recited that Frank H. Baldwin was seized of a one-third interest in the premises subject to the inchoate dower of his wife and directing a sale of the premises. After the sale final judgment was entered directing the referee to execute and deliver a conveyance to the purchaser and adjudging that thereupon " said sale shall be a valid and effectual bar as to each party to this action as to any and all right, title and interest and any and all dower and right of dower in the premises so sold." It further directed the referee to pay one-third of the proceeds of sale, after certain disbursements, to " Frank Herbert Baldwin, upon the execution and delivery by the defendant, Mrs. Frank Herbert Baldwin, of a

release of her inchoate right of dower in said premises, such release to be filed with the judgment roll in this action." It is conceded that Mrs. Frank H. Baldwin did not deliver such a release of dower until after the trial of the present action.

We think Mrs. Frank H. Baldwin was properly made a party to the partition action; that the court had jurisdiction in the action to divest her of her inchoate right of dower, and that the defendant accordingly acquired a title to the premises which was free from imperfection or reasonable doubt.

Mrs. Frank H. Baldwin, on whom the summons in the partition action was served, was adequately identified as a defendant by the description in the caption naming as defendants " Clarence Baldwin, Frank H. Baldwin, Victor Herbert Baldwin, and their wives, if any, whose names are unknown to plaintiff." That description identified her as completely as if she were referred to as ".Mrs. Frank H. Baldwin." Names are not the only method of identification recognized by the law. (Civ. Prac. Act, § 215.) When, therefore, Mrs. Frank H. Baldwin was served with the summons she could not fail to know that as the wife of Frank H. Baldwin she was joined as a defendant in the action. (*Moran* v. *Conoma*, 13 N. Y. Supp. 625; affd., 128 N. Y. 591; *Stuyvesant* v. *Weil*, 167 id. 421; *Wheeler* v. *Scully*, 50 id. 667.)

If Mrs. Frank H. Baldwin was properly made a party to the partition action, then any subsequent irregularity, such as the failure to amend by setting forth her name when it became known, would not affect the validity of the judgment in that action. Any such irregularity, whether procedural or otherwise, could only have been corrected by appeal. (*Ebling* v. *Dreyer*, 149 N. Y. 460; *Woodhull* v. *Little*, 102 id. 165; *Parish* v. *Parish*, 175 id. 181.) The judgment directed the referee to deliver a conveyance to the purchaser which would be " a valid and effectual bar " as to each party to the action of all interest in the premises. The conveyance was not conditional on the execution by Mrs. Baldwin of a release of her inchoate right of dower. The provision for a release of dower related only to the distribution of the proceeds of the sale, with which the purchaser was not concerned. (*Kirk* v. *Kirk*, 137 N. Y. 510.)

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., and DORE, J., concur; GLENNON and COHN, JJ., dissent.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.