James C. STYLES and Matthias G. Richardson, co-partners d/b/a Styles Express, Plaintiffs,

v.

EASTERN TRACTOR MANUFACTURING CORPORATION and The United States of America, Defendants.

United States District Court
S. D. New York.
Aug. 14, 1957.

Harry Gold, Kingston, N. Y., for plaintiffs.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, for defendant United States, James R. Lunney, Asst. U. S. Atty., New York City, of counsel.

LEVET, District Judge.

The plaintiffs in this action, as warehousemen, seek to foreclose a lien on 1,094 Eastern Tractor Plows stored with them by the defendant Eastern Tractor Manufacturing Corporation between September 1, 1948 and December 31, 1954, at the agreed price of $30 per month, totaling $2,280. Plaintiffs admit receiving $1,700 for storage charges from September 1, 1948 to May 1, 1953, leaving a credit of $20 on account of the storage charge for the month of May, 1953, and an unpaid balance of $580. The United States was made a party defendant in this action because notices of Federal Tax Liens were filed with the County Clerk, Ulster County, on August 22, 1953, November 10, 1953, and November 15, 1954, for the sums of $22,034.25, $19,734 and $637 respectively. The government relies upon the notice filed August 22, 1953, and since said notice was filed prior to a default in payment of plaintiff's storage charges, it is argued by the government that its lien is prior to the warehousemen's lien. Furthermore, the government contends that a warehousemen's lien is not protected under the Internal Revenue Code as are mortgagees, pledgees, purchasers or judgment creditors.

The facts as above stated are not disputed and both the plaintiffs and the government have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff's lien arose under Section 112 of the New York General Business Law, McK.Consol.Laws, c. 20 which provides that a warehouseman shall have a lien on goods deposited for all lawful charges for storage. The lawfulness of the charges in the case at bar is not disputed.

The government asserts its lien for unpaid federal taxes pursuant to Sections 3670, 3671 and 3672 of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 3670–3672. Section 3670 provides that if any person liable to pay any federal tax refuses to pay the same after demand, the amount of said tax shall be a lien in favor of the United States upon all property, or property rights, real or personal, belonging to such person. Section 3671 of the Internal Revenue Code of 1939 states that, unless otherwise specified by law, the lien arises at the time of the assessment. Section 3672 provides that such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judg-

ment creditor until notice thereof has been filed by the collector in the office designated by the law of the state in which the property subject to the lien is located.

As was stated in United States v. Acri, 348 U.S. 211, at page 213, 75 S.Ct. 239, at page 241, 99 L.Ed. 264: "The relative priority of the lien of the United States for unpaid taxes is * * * always a federal question to be determined finally by the federal courts. The state's characterization of its liens, while good for all state purposes, does not necessarily bind this Court."

In United States v. White Bear Brewing Co., Inc., 350 U.S. 1010, 76 S.Ct. 646, 100 L.Ed. 871, the Supreme Court reversed without an opinion two lower courts which accorded priority to a mechanic's lien over a federal tax lien which arose after the mechanic's lien had come into existence and after the mechanic's lien had been recorded according to state law. Moreover, the federal tax lien arose subsequent to the institution of an action in the state court to enforce the mechanic's lien. In expressing his dissent, Mr. Justice Douglas noted:

"* * * The Court holds that a federal tax lien has priority over a statutory mechanic's lien, even though the mechanic's lien was specific, prior in time, perfected in the sense that everything possible under state law had been done to make it choate, and was being enforced before the federal tax lien arose. * * *" 350 U.S. at page 1010, 76 S.Ct. at page 646.

■■ The conclusion which may be drawn from the above-mentioned case is that a competing private lien which is specific and choate under state law, but which is in the process of judicial enforcement, cannot prevail as against a federal tax lien, notwithstanding that the private lien antedated the tax lien, unless the private lien has been reduced to a final judgment. The plaintiffs in the instant case have not reduced their warehousemen's lien to a final judgment and,

therefore, the government's tax lien is superior to their lien.

Accordingly, the government's motion for an order awarding it summary judgment is granted.

So ordered.