■ John Herbert et al., Respondents, v Gabel Equipment Corp. et al., Defendants, and Service Merchandise Company, Inc., Appellant.—In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant Service Merchandise Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Rosenblatt, J.),

dated May 22, 1985, as, *inter alia,* denied its motion to dismiss the plaintiffs' complaint as against it on the grounds that the action was barred by the running of the Statute of Limitations and that the court lacked personal jurisdiction over it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Immediately prior to the running of the Statute of Limitations on their causes of action based upon negligence and products liability, the plaintiffs filed a summons and complaint with the Sheriff of Orange County in order to toll the Statute of Limitations for 60 days pursuant to CPLR 203 (b) (5). In reliance upon CPLR 1024, the plaintiffs named six unknown defendants as John Doe I through VI, describing them, respectively, as the manufacturer, assembler, installer, seller, prior owner and repairer of a certain diesel generator system which allegedly caused the plaintiff John Herbert's injuries. Subsequently, after ascertaining the true identity of the defendants within the 60-day extension period provided under CPLR 203 (b) (5) (i), the plaintiffs served upon them a copy of the original summons and complaint and an amended summons and complaint containing the actual names of the defendants.

The appellant's contention that the provisions of CPLR 1024 concerning unknown parties cannot be applied together with those of CPLR 203 (b) (5) to toll the Statute of Limitations under the circumstances of this case is without merit *(cf. Gottlieb v County of Nassau,* 92 AD2d 858; *Brock v Bua,* 83 AD2d 61). A reading of CPLR 203 (b) indicates that the statute does not, as the appellant urges, limit the availability of the 60-day extension period to cases dealing with "a co-defendant united in interest" (CPLR 203 [b]) with a defendant who was timely served.

We also note that the record supports Special Term's conclusion that genuine efforts were made by the plaintiffs to learn the true identity of all of the defendants prior to the running of the Statute of Limitations. The plaintiffs therefore properly employed the procedural mechanism made available by CPLR 1024 and 203 (b) under the unusual circumstances of this case. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.