(June 15, 1987)

■ MARILYN BERG, as Administratrix, Appellant, v JOHN T. MATHER MEMORIAL HOSPITAL et al., Defendants, and LEAH TALA, Respondent.—In an action, *inter alia,* to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from (1) so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), dated June 30, 1986, as granted the defendant Leah Tala's motion to dismiss the complaint as against her as time barred, and (2) so much of an order of the same court, entered September 25, 1986, as upon reargument, adhered to the original determination.

Ordered that the appeal from the order and judgment dated June 30, 1986, is dismissed, as that order and judgment was superseded by the order entered September 25, 1986, made upon reargument; and it is further,

Ordered that the order entered September 25, 1986 is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff's decedent was treated at the defendant John T. Mather Memorial Hospital (hereinafter the hospital) on April 2, 1983, and he died the next day. A summons and complaint seeking damages for his wrongful death and naming the hospital and two of its doctors, one by name and the other as " 'John Doe', M.D. name fictitious·person representing physician who treated plaintiff at defendant hospital", was served on the defendant hospital on June 25, 1984, within the applicable two-year period of limitation (EPTL 5-4.1). On September 17, 1985, the defendant Dr. Leah Tala, who treated the deceased in the hospital's emergency room on April 2, 1983, was ordered substituted for "John Doe M.D." and the

plaintiff thereafter served Dr. Tala with the summons and complaint on November 25, 1985, seven months after the expiration of the period of limitation. The defendant Tala moved to dismiss the complaint against her as time barred and Special Term granted the motion. We affirm.

Contrary to the plaintiff's claim, the defendant Tala was a new party to this action notwithstanding the plaintiff's previous use of a "John Doe" designation to describe a physician who treated the plaintiff's decedent at the hospital.

In *Brock v Bua* (83 AD2d 61), this court set forth a three-pronged test for relating back the date of claim interposition of a claim asserted against a new party to the date upon which the claim was originally interposed against a codefendant: (1) both claims must arise out of "the same conduct, transaction or occurrence", (2) the new party must be "united in interest" with the original defendant, and (3) the new party have known or should have known that, but for an "excusable mistake" by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well. In the case at bar, it is not necessary to determine whether the plaintiff has met the first two prongs of the test because she has offered no explanation for her failure to timely serve the defendant Tala since the latter's identity was easily ascertainable from the short hospital record in which her name was clearly set forth four times. Consequently, the plaintiff's action against the defendant Tala is barred as untimely. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.