*802 OPINION OF THE COURT
Martin B. Stecher, J.
Plaintiff moves for an order pursuant to CPLR 602, 1024, 1003 and 3025 (b), consolidating the above-captioned actions and substituting the Samuel G. Blakley Tree Company, Inc. (Blakley) and the Almstead Tree Company (Almstead) for the "John Doe Tree Company” in the consolidated caption. Defendant Blakley, sued as the "John Doe Tree Company”, cross-moves for summary judgment dismissing the complaint and. all cross claims against it.
These actions arise out of an accident which occurred on November 11, 1983. Plaintiff allegedly sustained serious injury on that day when three branches broke through the bus he was operating. Plaintiff thereafter brought his first action against St. Paul’s Lutheran Evangelical Church (St. Paul’s) as the owner of the property from which the branch came, alleging negligent maintenance of the trees, and against New York Telephone Company (Telephone Company) and Consolidated Edison Company of New York (Con Ed), as parties who may also have been negligent.
At some time thereafter, the Telephone Company informed plaintiff that they had hired Tree Preservation Co., Inc. (Preservation) to trim the trees at the site of the accident. In response, plaintiff commenced action No. 2 against Preservation, naming St. Paul’s, the Telephone Company and Con Ed as codefendants.
Mindful of the fact that the Statute of Limitations on his action expired on November 11, 1986, plaintiff on October 28, 1986, moved, by order to show cause, to obtain the names of any additional parties defendant. In order to toll the expiration of the period of limitation, plaintiff filed a copy of the summons and complaint in the first action in the Westchester County Sheriff’s office pursuant to CPLR 203 (b) (5).
On November 10, 1986, plaintiff was informed of Preservation’s response to its motion, identifying Blakley and Almstead as companies that might have performed maintenance work on the trees involved in this action. On December 1, 1986, plaintiff served Blakley and Almstead with the summons and complaint in action No. 1.
That branch of plaintiff’s motion seeking to consolidate actions Nos. 1 and 2 is granted without opposition.
That branch of plaintiff’s motion seeking to amend the caption of the consolidated action to include Blakley and *803 Almstead as parties defendant in lieu of "John Doe Tree Company” is granted and Blakley’s cross motion for summary judgment dismissing the complaint and all cross claims against it is denied.
CPLR 1024 provides that "[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identify as is known.”
On October 28, 1986, when plaintiff filed a copy of the summons and complaint with the Sheriff, he was unaware of the names of either Blakley or Almstead, thereby having available to him the protection of CPLR 1024. Yet, had he served either with the summons and complaint that day, in its "John Doe” form, jurisdiction would have been acquired as these defendants were adequately described and would have known, from the description in the complaint, that they were the intended defendants (see, Siegal, NY Prac § 188, at 227; 2 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 1024.02, 1024.03; City of Mount Vernon v Best Dev. Co., 268 NY 327, 330; Salerno v Holden, 258 App Div 50).
Thus, upon filing the summons and complaint with the Sheriff (CPLR 203 [b] [5] [i]), the period of limitation was tolled for 60 days, provided service on those defendants was made before the expiration of the tolled period. The summons and complaint, in the form filed with the Sheriff, were served on Blakley and Almstead during the 60-day period; but, as set forth above, plaintiff had, in the interim, learned the true name of each.
The argument that, on the day of delivery of process to Blakley and Almstead, plaintiff knew these parties’ true names and was, therefore, not entitled to the protection of CPLR 1024 is without merit. CPLR 203 (b) (5) (i) clearly provides that the "claim asserted in the complaint is interposed against the defendant * * * when * * * [t]he summons is delivered to the sheriff of that county * * * in which the defendant resides, is employed or is doing business * * * provided that * * * the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision”.
The day the summons was delivered to the Sheriff is the day when the claim was interposed and it properly utilized the assumed name and description. It must be quite clear to all *804 whose logic is not jaundiced by self-interest that this is precisely the result the Legislature intended when it enacted these two statutes, CPLR 1024 and 203 (b) (5) (i); for, on the 60th day, no summons in a new case could have been served and no amendment or supplemental summons could have been timely authorized by any court on notice to all adversaries, and in such event the full 60-day provision of the statute would have been rendered meaningless.
Accordingly, plaintiffs motion for consolidation and substitution (really amendment) is granted and Blakley’s cross motion for summary judgment is denied.