■ ALVIN SMOLLAR et al., Respondents, v LONG ISLAND JEWISH MEDICAL CENTER et al., Defendants, and ERIC ASNIS, Appellant.—In a medical malpractice action, the defendant Eric Asnis appeals from so much of an order of the Supreme Court, Queens County (Graci, J.), dated April 17, 1989, as granted the plaintiffs' motion to dismiss the affirmative defense of Statute of Limitations and denied his cross motion for summary judgment dismissing the action on the ground that it was barred by the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The allegations in the complaint establish a jural relationship between the defendant Dr. Asnis and the defendant hospital such that the latter may be vicariously liable for the alleged negligence of the former *(see, Connell v Hayden,* 83 AD2d 30, 48). Moreover, contrary to Dr. Asnis's contention, there are no defenses vis-à-vis the plaintiffs to the claims asserted against him of which he is possessed and the hospital is not *(see, Connell v Hayden, supra,* at 48-49; *Kladek v St.*

*Vincent's Hosp. & Med. Center,* 128 Misc 2d 985, 988-989). The Supreme Court properly determined that Dr. Asnis and the hospital were united in interest *(see,* CPLR 203 [b]).

We further reject Dr. Asnis's contention that he should be considered a new or unnamed defendant *(see, Brock v Bua,* 83 AD2d 61, 69-70) simply because his name was misspelled in the original complaint. In any event, the plaintiffs have established that the misspelling was an excusable mistake *(see, Brock v Bua, supra; cf., Berg v Mather Mem. Hosp.,* 131 AD2d 618). Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.