■ SHIRLEY REID, Respondent, v NIAGARA MACHINE & TOOL COMPANY, INC., et al., Defendants, and AMERICAN ALLSAFE COMPANY, Appellant.—In an action to recover damages for personal injuries, the defendant American Allsafe Company appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered October 16, 1989, as denied its motion for summary judgment dismissing the complaint for failure to state a cause of action and lack of personal jurisdiction, and granted the plaintiff's cross motion to dismiss its first through fourth defenses and for leave to amend the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion is granted, the plaintiff's cross motion is denied, and the complaint is dismissed.

The complaint served by the plaintiff, wherein the defendant American Allsafe Company (hereinafter Allsafe) was referred to as John Doe Corporation No. 1 or 2, was insufficient to alert Allsafe to the fact that it was an intended defendant *(cf., Tobin v St. Paul's Lutheran Evangelical Church,* 136 Misc 2d 801). Therefore, it was jurisdictionally defective *(see, Connell v Hayden,* 83 AD2d 30, 34-36), and its service upon the sheriff did not serve to invoke the 60-day

provision of CPLR 203 (b) (5) (i) *(see, Frerk v Mercy Hosp.,* 99 AD2d 504, *affd* 63 NY2d 635). Thus, the Supreme Court erred in denying Allsafe's motion to dismiss the complaint for lack of personal jurisdiction and in granting the plaintiff's cross motion to dismiss its first through fourth affirmative defenses that the action should be dismissed as barred by the Statute of Limitations, for lack of personal jurisdiction, and for failure to state a cause of action against Allsafe.

Furthermore, that branch of the plaintiff's cross motion which was purportedly for leave to amend the complaint to reflect Allsafe's name, was actually one to add a new party *(see, Creative Cabinet Corp. v Future Visions Computer Store,* 140 AD2d 483; *see also, Berg v Mather Mem. Hosp.,* 131 AD2d 618), and was improperly granted after the Statute of Limitations had expired *(see, Tabolt v KMZ Enters.,* 52 AD2d 995, *affd* 43 NY2d 687). Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.