■ LILLIAN LEBOWITZ, Respondent, v FIELDSTON TRAVEL BUREAU, INC., Defendant, and NORMA NAJAR, Appellant. (And a Third-Party Action.)—Order, Supreme Court, Bronx County (Howard Silver, J.), entered October 18, 1990, which, *inter alia,* denied defendant Norma Najar's motion to amend her

answer to include the affirmative defenses of lack of personal jurisdiction and statute of limitations, unanimously reversed to the extent appealed from, on the law, without costs or disbursements, the motion granted and the claim dismissed.

One day before the statute of limitations expired in this personal injury action alleging negligence in the ownership and control of premises, plaintiff filed a summons with notice with the County Clerk. The summons identified the defendants as "JOHN DOE CORP. '1 thru 5' and JOHN DOE, individually, '1 thru 5' "; the summons misidentified the site of the alleged incident as 3750 Riverdale Avenue, Bronx, New York, and was silent as to the date of occurrence.

Within 60 days, but after the expiration of the three-year statute of limitations, defendants were served with a corrected summons which contained their names, correctly identified the location of the incident as 3751 Riverdale Avenue, and specified the date of the accident.

The individual defendant, Najar, the alleged owner of the premises, moved to amend her answer and to dismiss the complaint on the ground that the original summons was insufficient to toll the statute of limitations and that the action was therefore time-barred. The corporate defendant moved for similar relief. The IAS court denied both motions, finding that the original summons tolled the statute of limitations for 60 days under CPLR 203 (b) (5) (i) and the altered summons was then timely served on the defendants. We reverse to the extent appealed from.

While CPLR 1024 allows a party who is ignorant of the name or identity of one who may properly be made a party to proceed by designating so much of his identity as is known, a summons served in a "John Doe" form is jurisdictionally sufficient only if the actual defendants are "adequately described and would have known, from the description in the complaint, that they were the intended defendants" *(Tobin v St. Paul's Lutheran Evangelical Church,* 136 Misc 2d 801, 803; *see also, Reid v Niagara Mach. & Tool Co.,* 170 AD2d 662). If the summons is jurisdictionally sufficient, then it may serve to toll the statute of limitations and provide the plaintiff with the 60-day extension under CPLR 203 (b) (5) (i). *(See, Herbert v Gabel Equip. Corp.,* 123 AD2d 741, 742.)

The summons with notice served on the County Clerk listed an address different from that of the premises purportedly involved and failed to specify the date on which the alleged injury occurred. Nor did it indicate in any other manner that the defendant was the intended party.

This summons was therefore jurisdictionally defective and did not serve to toll the statute of limitations and provide plaintiff with the 60-day extension under CPLR 203 (b) (5) (i). *(See, Reid v Niagara Mach. & Tool Co., supra,* at 662.) The summons thereafter served upon defendants was thus untimely served. Accordingly, we grant defendant Najar's motion to amend her answer to include the affirmative defense of statute of limitations and, on the basis of such defense, dismiss the action as to her as time-barred. Concur—Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ.