■ JULIEN OPONT, Appellant, v DUCLAIR REALTY CORPORATION et al., Defendants, and HEAT TIMER CORP., Respondent.— In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.), dated July 30, 1990, which granted a motion by the defendant Heat Timer Corp. to dismiss the complaint insofar as it is asserted against it and denied the plaintiff's cross motion to dismiss that defendant's fourth through sixth affirmative defenses.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries on November 5, 1986, when a boiler in the basement of a building exploded. On November 3, 1989, the plaintiff served a summons and complaint upon the County Clerk in order to toll the Statute of Limitations for 60 days pursuant to CPLR former 203 (b) (5) (i). The only defendants named in the caption were Duclair Realty Corporation, which allegedly owned the building, and " 'XYZ Corporation' as manufacturer of the boiler mentioned below". On January 5, 1990, the plaintiff served an amended complaint upon the defendant Heat Timer Corp. (hereinafter Heat Timer). Heat Timer moved to dismiss the complaint insofar as it is asserted against it on the ground that the action against it was barred by the Statute of Limitations. The plaintiff cross-moved to dismiss Heat Timer's jurisdictional and Statute of Limitations defenses. The court granted Heat Timer's motion, and we affirm.

We find that the complaint served by the plaintiff in November 1989 which referred to "XYZ Corporation as manufacturer of the boiler mentioned below", failed to adequately describe Heat Timer and was therefore insufficient to alert Heat Timer to the fact that it was an intended defendant *(see, Reid v Niagara Mach. & Tool Co.,* 170 AD2d 662; *see also, Lebowitz v Fieldston Travel Bur.,* 181 AD2d 481; CPLR 1024).

In the caption of the amended complaint, the plaintiff identified the defendant Industrial Combustion Inc., as the manufacturer of the boiler involved in the accident. The plaintiff offered no evidence that Heat Timer was, in fact, the manufacturer of the boiler, nor did the plaintiff dispute on appeal that Heat Timer merely manufactures some component parts used in boilers. Since the complaint served in November 1989 failed to adequately describe Heat Timer, it was jurisdictionally defective (see, Connell v Hayden, 83 AD2d 30, 34-36), and service of the complaint upon the County Clerk did not serve to invoke the 60-day tolling provision of CPLR former 203 (b) (5) (i) (see, Lebowitz v Fieldston Travel Bur., supra; Reid v Niagara Mach. & Tool Co., supra; Frerk v Mercy Hosp., 99 AD2d 504, affd 63 NY2d 635; cf., Herbert v Gabel Equip. Corp., 123 AD2d 741). The action against Heat Timer was therefore properly dismissed as barred by the Statute of Limitations (see, CPLR 214).

We find the plaintiff's remaining contentions to be without merit. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.