*1077 OPINION OF THE COURT
Martin B. Stecher, J.
The sole issue raised on this motion is one of priority between a previously recorded condominium board of managers’ lien for unpaid common charges and a Federal income tax lien subsequently filed against the record owner of a condominium apartment. That issue has not been raised in any previously reported New York case.
Plaintiff, a condominium board of managers (condominium), moves in this foreclosure action for summary judgment of foreclosure on its lien for unpaid common charges and late fees; and for an order appointing a Referee to compute, amending the caption of the action to substitute Jill Livine in place of the fictitiously named defendant John Doe No. 1, dismissing the action as to John Does Nos. 2-15, and striking the answer of the defendant United States of America (US).
The US opposes the motion on the ground that its Federal tax lien for unpaid income taxes owed by the mortgagor is superior to the lien of the condominium for unpaid common charges. There is no other opposition to plaintiffs motion.
The facts are not in dispute.
The defendant mortgagor, William H. Pickett, is the owner of condominium unit 8-G, located at 141 East 55th Street in Manhattan.
On November 18, 1991, the mortgagor was assessed by the Internal Revenue Service for Federal income taxes in the amount of $179,120.08, due on December 31, 1990. A Federal tax lien was recorded on August 27, 1992, pursuant to 26 USC § 6323.[1]
On April 21, 1992, prior to the recording of the Federal lien, the condominium recorded a lien, pursuant to the provisions of Real Property Law § 339-z and the condominium’s bylaws, for unpaid common charges and late fees in the amount of $1,348.66 "and all sums accruing hereafter.”
This action to enforce the condominium’s lien ensued. All of *1078 the defendants, other than the US, have defaulted in answering or appearing.[2]
The US challenges the alleged priority of the condominium’s lien on the ground that it was inchoate at the time it was filed. The condominium asserts that its lien has priority because it was filed first and is entitled to priority as a matter of law (Real Property Law §§ 339-z, 339-aa).
Real Property Law § 339-z provides that the lien for unpaid common charges is "[pjrior to all other liens except only (i) liens for taxes on the unit in favor of any assessing unit, school district, special district, county or other taxing unit,[3] and (ii) all sums unpaid on a first mortgage of record”.
Real Property Law § 339-aa provides that such a lien "shall be effective from and after the filing in the office of the recording officer in which the declaration is filed a verified notice of lien”.
However, the United States Supreme Court has repeatedly and unequivocally held that whether a lien created by State law is prior to a Federal tax lien is to be determined by Federal law (United States v Pioneer Am. Ins. Co., 374 US 84; United States v Acri, 348 US 211; United States v Security Trust & Sav. Bank, 340 US 47).
Under Federal law, the determination of whether a Federal tax lien has priority over a lien created by State law depends on which lien was perfected first, which, in turn, depends on when the competing State lien became "choate.” A State lien is considered "choate” when it is "perfected in the sense that there is nothing more to be done to have a choate lien — when the identity of the lienor, the property subject to the lien, and the amount of the lien are established” (United States v New Britain, 347 US 81, 84).
*1079 A lien which has not been reduced to judgment is not definite in amount and is, therefore, inchoate[4] (United States v White Bear Brewing Co., 350 US 1010 [mechanic’s lien which was in the process of being foreclosed when the Federal tax lien was filed]; United States v Acri, 348 US 211, supra [attachment lien where amount was contingent upon judgment in wrongful death action]; Don King Prods. v Thomas, 945 F2d 529 [stipulation of settlement which had not been reduced to and docketed as judgment]; Styles v Eastern Tractor Mfg. Corp., 154 F Supp 393 [warehousemen’s lien, which was specific and "choate” under New York law, but which was in the process of judicial foreclosure when the Federal tax lien was recorded]; Cavalier Serv. Corp. v Wise, 645 F Supp 31 [lis pendens in action which had not been reduced to judgment]; but see contra, Matter of Henderson, 155 Bankr 10 [SD Cal 1993] [condominium’s lien for unpaid dues held superior to later filed Federal tax lien with respect to amount stated in condominium’s filed lien but not future assessments]).
Accordingly, I hold that a condominium’s lien filed pursuant to the provisions of Real Property Law § 339-z, which has not been reduced to judgment, is inchoate and is subordinate to a subsequently recorded Federal income tax lien.
The motion to strike the answer of the US is denied. In all other respects, the motion for summary judgment and other relief is granted.

. 26 USC §6321 provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.” 26 USC §6323 (a) provides that "The lien imposed by section 6321 shall not be valid * * * until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.”

. Although Jill Livine is not named in the title of the action or anywhere in the complaint, the title and the substance of the complaint clearly identify her and convey that her interest is intended to be cut off. Accordingly, having been served, a default may be taken against her, as if she had been named rather than merely designated as a party who has neither answered nor appeared (CPLR 1024; Lebowitz v Fieldston Travel Bur., 181 AD2d 481, 482). "The essential requirement to bring a defendant into court is that the defendant be named or described in such form as will properly identify the defendant and give notice of opportunity to defend. This has been done here” (City of Mount Vernon v Best Dev. Co., 268 NY 327, 331).

. "Other taxing unit” as used in this statute is not intended to include the Federal Government (see, Real Property Law § 339-y [1] [c]; Real Property Tax Law § 102 [1], [5], [20]).

. There are statutory qualifications not applicable here (26 USC § 6323).