OPINION OF THE COURT
Alan J. Saks, J.
This is a personal injury action based on an incident that *446 allegedly occurred on March 21, 1991 at a grocery stand. The complaint alleges that a store employee, initially named as defendant "John Doe”, pushed a hand truck into plaintiff. Service was purportedly made on that defendant by delivering the process at the store to one Ms. Chen, co-worker, as a person of suitable age and discretion, on June 1, 1993, followed by a mailing to "John Doe” at the store the next day. Ms. Chen was also purportedly served as the "General Agent” of the two codefendant corporations, by personal delivery to her.
No defendant has appeared or answered and plaintiff has moved for a default judgment against all of them. No opposition papers have been submitted.
The motion is clearly proper and is granted as to the codefendants named as corporations. However, it must be denied as to defendant "John Doe”. First, no motion has been made to amend the pleadings to reflect John Doe’s actual name, so a judgment against him would probably be meaningless anyway. However, in theory if his identity were learned in the future, a motion to amend the judgment to reflect his true name could be granted then, if initial personal jurisdiction had been acquired over him prior to entry of judgment. The trouble is that the purported substituted service under these circumstances in this case did not give personal jurisdiction over him.
CPLR 1024 permits a defendant to be designated as an unknown party and the action may proceed against such a party. However, jurisdiction is not acquired over such a "John” or "Jane Doe” unless the process is served in such a manner as to give that unidentified person notice that he or she is being summoned to court. (Cf., Lebowitz v Fieldston Travel Bur., 181 AD2d 481.) The only description of the instant "John Doe” in the complaint is his identification as an employee, agent, or servant of the corporate defendants who pushed a hand truck into plaintiff at the store at about 2:00 p.m. on March 21, 1991. No physical description is given other than the implicit allegation of his sex. More fundamentally, delivery to a "Ms. Chen” of process addressed to, among other people, "John Doe” followed by receipt at the store of an envelope addressed to "John Doe” may not reasonably be expected to come to the actual attention of the concerned individual, even assuming that Ms. Chen was able to read and understand the eight-page legalistic verbiage in the complaint. Indeed, it is hard to conceive of any situation in which service *447 on an anonymous defendant should be permitted by resort to CPLR 308 (2) substituted service or to section 308 (4) conspicuous service made solely at that defendant’s place of employment or business.
The instant finding that personal jurisdiction has not been acquired over this "John Doe”, coupled with the expiration of three years from the date of the accident would probably not bar plaintiff from serving him in the future (see, CPLR 203 [b]; Brock v Bua, 83 AD2d 61), although plaintiff would need to commence a separate action, because this action was commenced by filing in 1993, and the time to serve since filing has expired. Whether plaintiff has any real interest in doing so is another matter.
Plaintiff is directed to file a note of issue (inquest), certificate of readiness being waived. Upon such filing, the Clerk shall set this matter down for inquest and assessment of damages against defendants other than "John Doe”. If by the time such inquest is held a motion for default judgment against "John Doe” has not been granted, the action shall be deemed severed and dismissed as to such defendant.