■ LAURIE CARMER et al., Respondents, v ODD FELLOWS et al., Defendants, and ODD FELLOWS HOME ASSOCIATION OF THE STATE OF NEW YORK, Appellant. [885 NYS2d 852]—

Appeal from an amended order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered November 18, 2008 in a personal injury action. The amended order denied the

motion of defendant Odd Fellows Home Association of the State of New York to dismiss the amended complaint against it.

It is hereby ordered that the amended order so appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint against defendant Odd Fellows Home Association of the State of New York is dismissed.

Memorandum: Plaintiffs commenced this action in August 2007 seeking damages for injuries sustained by Laurie Carmer (plaintiff) when she fell in December 2004. The original summons and complaint named Odd Fellows and Rebecca Nursing Home, Inc. (correctly, Odd Fellow and Rebekah Rehabilitation and Health Care Center, Inc. [Health Care Facility]) as a defendant, as well as " 'John Doe' intended to designate the person and/or entity owning the premises commonly known as 104 Old Niagara Road, Lockport, New York." Although the original complaint alleged that plaintiff fell at 104 Old Niagara Road, the record contains a bill of particulars dated September 27, 2007 alleging that plaintiff fell at 124 Old Niagara Road. It is undisputed that the Health Care Facility owns the property at 104 Old Niagara Road and that the property at 124 Old Niagara Road is owned by Odd Fellows Home Association of the State of New York (Home Association). In March 2008, the Health Care Facility moved to dismiss the action against it, and plaintiffs cross-moved to amend the complaint to substitute the Home Association for "John Doe" as a defendant, pursuant to CPLR 1024. Supreme Court "adjourned" the motion and granted the cross motion and, on April 2, 2008, plaintiffs filed an amended summons and amended complaint naming the Home Association as a defendant. The Home Association then moved to dismiss the amended complaint against it as time-barred. We conclude that the court erred in denying the Home Association's motion.

"[A] summons served in a 'John Doe' form is jurisdictionally sufficient only if the actual defendants are 'adequately described and would have known, from the description in the complaint, that they were the intended defendants' " (*Lebowitz v Fieldston Travel Bur.*, 181 AD2d 481, 482 [1992]; *see generally City of Mount Vernon v Best Dev. Co.*, 268 NY 327, 331 [1935], *rearg denied* 268 NY 708 [1935]). The "John Doe" description in the original complaint did not describe "John Doe" as the owner of 124 Old Niagara Road. We thus conclude that it is "jurisdictionally defective" with respect to the Home Association (*Opont v Duclair Realty Corp.*, 190 AD2d 781, 782 [1993]; *see Olmsted v Pizza Hut of Am., Inc.*, 28 AD3d 855, 856 [2006]; *Lebowitz*, 181 AD2d at 482-483). Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Pine, JJ.