■ ANOJANA THAS et al., Appellants, v DAYRICH TRADING, INC., et al., Respondents. [913 NYS2d 269]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated February 8, 2010, which granted those branches of the defendants' motion which were pursuant to, inter alia, CPLR 317 and 5015 (a) (1) and (4), (a) to vacate an order of the same court dated October 26, 2009, granting the plaintiffs' unopposed motion, among other things, for leave to enter judgment against the defendant Dayrich Trading, Inc., on the issue of liability and, sua sponte, granting them leave to enter judgment against the defendant John Doe on the issue of liability, upon the defendants' default in appearing or answering the complaint, and (b) to compel them to accept the defendants' answer.

Ordered that the order dated February 8, 2010, is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were to vacate so much of the order dated October 26, 2009, as granted the

plaintiffs' unopposed motion for leave to enter judgment against the defendant Dayrich Trading, Inc., on the issue of liability, and substituting therefor a provision denying those branches of the defendants' motion; as so modified, the order dated February 8, 2010, is affirmed, with costs to the plaintiffs.

The Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) and (4) to vacate the default of the defendant Dayrich Trading, Inc. (hereinafter Dayrich), in appearing or answering the complaint. The plaintiffs established that they effected service upon Dayrich by delivering a copy of the summons and verified complaint to the Secretary of State (*see* CPLR 311 [a] [1]; Business Corporation Law § 306; *Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]; *Nichols v Richmond Ambulance Serv.*, 259 AD2d 741 [1999]). In opposition to the plaintiffs' showing in this regard, Dayrich did not contend that the address that it had on file with the Secretary of State was incorrect, and the mere denial of receipt of the summons and complaint was insufficient to rebut the presumption of proper service created by service upon the Secretary of State (*see* CPLR 311 [a] [1]; Business Corporation Law § 306; *Gartner v Unified Windows, Doors & Siding, Inc.*, 71 AD3d 631, 632 [2010]; *Coyle v Mayer Realty Corp.*, 54 AD3d 713 [2008]; *Trini Realty Corp. v Fulton Ctr. LLC*, 53 AD3d 479 [2008]).

Furthermore, the Supreme Court should also have denied that branch of the defendants' motion which was pursuant to CPLR 317 to vacate Dayrich's default in appearing or answering since Dayrich failed to demonstrate that it did not personally receive notice of the summons in time to defend the action (*see Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]; *General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *96 Pierrepont v Mauro*, 304 AD2d 631 [2003]). The affidavit of service attesting that, on May ·22, 2009, pursuant to CPLR 3215 (g) (4), an assistant employed by the plaintiffs' attorney mailed additional copies of the summons and complaint to Dayrich at its correct business address, created a presumption of proper mailing and receipt, and Dayrich did not adequately rebut that presumption (*see* Business Corporation Law § 306 [b] [2]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524, 525 [2008]; *Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552, 553 [2007]; *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d 893, 894 [2006]).

Since Dayrich failed to demonstrate that it was entitled to vacatur of the order dated October 26, 2009, pursuant to CPLR

5015 (a) (1), (4) or 317, the plaintiffs' alleged failure to comply with CPLR 3215 (g) (4) (ii) did not constitute a fatal defect (*see Peck v Dybo Realty Corp.*, 77 AD3d 640 [2d Dept 2010]; *Mauro v 1896 Stillwell Ave., Inc.*, 39 AD3d 506, 507 [2007]; *Kurtz v Mitchell*, 27 AD3d 697, 698 [2006]; *Harkless v Reid*, 23 AD3d 622, 623 [2005]).

"While CPLR 1024 allows a party who is ignorant of the name or identity of one who may properly be made a party to proceed by designating so much of his identity as is known, a summons served in a 'John Doe' form is jurisdictionally sufficient only if the actual defendants are adequately described and would have known, from the description in the complaint, that they were the intended defendants" (*Lebowitz v Fieldston Travel Bur.*, 181 AD2d 481, 482 [1992] [citation and internal quotation marks omitted]). Accordingly, that branch of the defendants' motion which was to vacate the default of the defendant John Doe in appearing or answering the complaint was properly granted since the summons was jurisdictionally insufficient with respect to John Doe, an unidentified person not adequately described in the complaint (*see Carmer v Odd Fellows*, 66 AD3d 1435 [2009]; *Olmsted v Pizza Hut of Am., Inc.*, 28 AD3d 855 [2006]; *Lebowitz v Fieldston Travel Bur.*, 181 AD2d 481 [1992]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.