HSBC Bank USA, N.A. v Grant

2026 NY Slip Op 03151

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

HSBC Bank USA, National Association, etc., respondent

v

Willa Grant, et al., defendants, Rodney Washington, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-00737, (Index No. 10935/10)

Angela G. Iannacci, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Rodney Washington, Brooklyn, NY, appellant pro se.

LOGS Legal Group, LLP (Reed Smith, LLP, New York, NY [Andrew B. Messite and Ofunne N. Edoziem], of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Rodney Washington appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 9, 2023. The order, insofar as appealed from, denied that defendant's motion to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Noach Dear, J.) dated May 22, 2019, and thereupon, to dismiss the complaint insofar as asserted against him.

ORDERED that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

In April 2010, the plaintiff commenced this action against the defendant Rodney Washington (hereinafter the defendant), among others, to foreclose a mortgage. The defendant did not interpose an answer or otherwise timely appear in the action. The Supreme Court entered an order and judgment of foreclosure and sale dated May 22, 2019. The defendant moved to vacate the order and judgment of foreclosure and sale and thereupon, to dismiss the complaint insofar as asserted against him. In an order dated August 9, 2023, the Supreme Court, inter alia, denied the motion. The defendant appeals.

CPLR 1024 states, "A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly" (CPLR 1024). "[A] summons served in a 'John Doe' form is jurisdictionally sufficient only if the actual defendants are adequately described and would have known, from the description in the complaint, that they were the intended defendants" (Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1165). Here, the complaint adequately described the defendant, and he has no basis to vacate the order and judgment of foreclosure and sale pursuant to CPLR 1024.

The Supreme Court denied the defendant's motion to vacate the order and judgment [*2]of foreclosure and sale and thereupon, to dismiss the complaint insofar as asserted against him on the ground that the matter had already been decided in a prior order dated May 8, 2018. However, a review of the order dated May 8, 2018, reveals that a majority of the defendant's contentions in the motion to vacate the order and judgment of foreclosure and sale and thereupon, to dismiss the complaint insofar as asserted against the defendant had not been decided in that order.

Accordingly, we remit the matter to the Supreme Court, Kings County, to consider the remainder of the defendant's contentions on the merits and thereafter for a new determination of the defendant's motion to vacate the order and judgment of foreclosure and sale and thereupon, to dismiss the complaint insofar as asserted against him.

IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court