■ LISA PORTER, Appellant, v KINGSBROOK OB/GYN ASSOCI-ATES, P. C., et al., Respondents, et al., Defendant. [618 NYS2d 837] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated April 2, 1993, which granted summary judgment to the defendants Kingsbrook OB/GYN Associates, P. C. and Herbert Lieber, M.D. and dismissed the complaint insofar as it is asserted against those defendants.

Ordered that the order is affirmed, with costs.

Immediately prior to the running of the Statute of Limitations on the plaintiff's cause of action to recover damages for medical malpractice, the plaintiff filed a summons and complaint with the Clerk of the Supreme Court in order to toll the Statute of Limitations for 60 days pursuant to CPLR 203 (b) (5) (i). The plaintiff named the defendant Kingsbrook Jewish Medical Center, and, in reliance upon CPLR 1024, named a "John Doe, M.D." defendant. After ascertaining the true identity of the doctor allegedly responsible for her injuries, and of the medical association with which he was allegedly connected, and within the 60-day extension period provided in CPLR 203 (b) (5) (i), the plaintiff served them with an amended summons and complaint containing the actual names of these defendants.

The plaintiff's contention that the provisions of CPLR 1024 and 203 (b) (5) (i) are applicable under the circumstances of this case is without merit. Before the plaintiff may employ the 60-day extension period provided under CPLR 203 (b), she must show, pursuant to CPLR 1024, that she made genuine efforts to ascertain the defendants' identities prior to the running of the Statute of Limitations. Since there was no evidence in the record that the plaintiff made timely efforts to identify these defendants, she was not entitled to employ the procedural mechanism made available by CPLR 1024 and 203 (b) (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C:1024:1, at 234; see also, Herbert v Gabel Equip. Corp., 123 AD2d 741).

In any event, under the CPLR 203 (b) relation-back rule, the plaintiff was required to satisfy a three-prong test which proved the unity of interest between the originally-named defendant and the additional parties in order for the statutory relation-back remedy to be operative (see, CPLR 203 [b] [5] [i]; Brock v Bua, 83 AD2d 61, 69; Mondello v New York Blood Ctr. —Greater N. Y. Blood Program, 80 NY2d 219). The record

contains no evidence that the medical center, the doctor, and the association were united in interest so that their defense would be the same and that they would "either stand or fall together with respect to plaintiff's claim" *(Brock v Bua, supra,* at 68). Under the circumstances, the Supreme Court properly dismissed the complaint against these defendants. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.