[654 NYS2d 543]

Scott A. Luckern et al., Appellants, v Lyonsdale Energy Limited Partnership et al., Defendants. Mitsubishi Heavy Industries America, Inc., et al., Respondents.

Fourth Department, March 14, 1997

### APPEARANCES OF COUNSEL

*Kernan & Kernan, P. C.,* Utica *(Kevin Martin* of counsel), for appellants.

*Harter, Secrest & Emery,* Rochester *(Richard E. Alexander* of counsel), for Mitsubishi Heavy Industries America, Inc., respondent.

*Joseph A. Ables,* Syracuse *(Kathleen D. Foley* of counsel), and *Ann K. Kandel,* Hauppauge, for Frank Lill & Son, Inc., respondent.

### OPINION OF THE COURT

Balio, J.

Scott A. Luckern (plaintiff) was employed as an electrical engineer by Ciambro Corporation. On July 23, 1992, plaintiff was working on a steam generator system that was being installed as part of the construction of a power plant in Lyons Falls, New York. A rupture dome or disc located on the top of a large cylindrical condenser tank "suddenly imploded", partially sucking plaintiff into the tank and causing serious personal injuries.

On March 24, 1995, more than $2^1/_2$ years after the accident, plaintiffs retained counsel to represent them. Plaintiffs' counsel undertook an immediate investigation to determine the identities of parties responsible for construction at the power plant, including the owner of the plant, the general contractor, subcontractors involved in the installation or construction of the generator system, the manufacturer of the turbine, condenser tank and disc or dome, and the parties who designed and supplied the tank and disc or dome. Counsel was able to identify some but not all of those parties but, because the three-year Statute of Limitations (see, CPLR 214) was about to expire, counsel commenced this action by filing a summons with notice in the Lewis County Clerk's office on July 21, 1995 listing the following parties as defendants: "LYONSDALE ENERGY LIMITED PARTNERSHIP, MOOSE RIVER PROPERTIES, INC., MIDWESCO, INC., ZURN INDUSTRIES, INC., ZURN CONTRACTORS, INC., CONTINENTAL DISC CORPORATION, HOLTEC INTERNATIONAL, INC., MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI HEAVY INDUSTRIES, LTD., 'JOHN DOE', 'JOHN DOE PARTNERSHIP' AND 'JOHN DOE CORPORATION', the real names of the last three defendants are unknown to the plaintiffs and said fictitious names are being intended to designate certain individuals or partnerships or corporations who also designed, manufactured, assembled, constructed, produced, sold, built, set up or started up the co-generator power plant, its building and integral steam generator, its large condenser, its dome/disc or rupture disc and other component parts of Lyonsdale Energy Limited Partnership at Lyons Falls, New York".

After filing the summons with notice, counsel continued the search for the legal identities of the unknown defendants. On or after July 27, 1995, counsel received the result of a corporate search conducted by the New York State Department of State, Division of Corporations (Department of State), indicating that a Delaware corporation by the name of Mitsubishi Heavy Industries America, Inc. (MHIA) was authorized to do business in New York State. On August 23, 1995, plaintiffs served a

copy of the original summons with notice on the agent designated by MHIA to receive service of process and on MHIA's managing agent. The affidavits of service were filed with the Lewis County Clerk on September 13, 1995.

On October 10, 1995, plaintiffs moved for leave to file and serve a supplemental summons naming MHIA as a defendant in the action. A few days prior to the return date of the motion, plaintiffs learned that MHIA was a wholly owned subsidiary of Mitsubishi Heavy Industries, Ltd., which had been named in the original summons and which had been timely served. Plaintiffs filed a reply affirmation asserting that their service upon MHIA "related back" to the original service on the parent corporation. While that motion was pending, plaintiffs' counsel continued the search for the identities of additional defendants. On October 26, 1995, plaintiffs learned through precomplaint discovery that a corporation by the name of "Frank Lill Corp. of Syracuse, N. Y." supplied and possibly installed the condenser and rupture disc. A further search of corporate records of the Department of State revealed that the true name of the corporate entity was "Frank Lill & Son, Inc.", located in Webster, New York, and on October 30, 1995, plaintiffs served a copy of the original summons with notice upon that entity through the Secretary of State. The affidavit of service was filed on November 2, 1995 and, on the following day, plaintiffs moved for leave to file and serve a supplemental summons with notice naming Frank Lill & Son, Inc. (Lill) as a defendant. Lill cross-moved to dismiss the action on the ground that it was not timely commenced against it.

Supreme Court denied plaintiffs' motion for leave to serve a supplemental summons with notice naming MHIA and Lill as defendants and granted the cross motion of Lill to dismiss the complaint against it. The court determined that plaintiffs failed to demonstrate facts warranting application of the "relation back" doctrine against MHIA, and we agree. The court also rejected plaintiffs' contention that CPLR 1024 permitted them to list unknown defendants and, by filing the summons with notice within the three-year limitations period, to identify and serve the previously unknown defendants within the 120-day period provided by CPLR 306-b (a). The court, after noting that there was no case directly "on point", concluded that the Legislature, in amending several statutes to implement a new commencement-by-filing system, did not intend to extend the Statute of Limitations for an additional period when an action was commenced against an unknown party pursuant to CPLR 1024.

Two issues remain for determination on this appeal: first, whether plaintiffs exercised sufficient diligence to warrant application of CPLR 1024 in their favor and second, whether under New York's new commencement-by-filing system, a claim asserted against unknown parties pursuant to CPLR 1024 is deemed to be interposed against those parties for Statute of Limitations purposes when a "John Doe" summons with notice or summons and complaint is filed with the clerk of the court, thereby providing plaintiffs an additional 120 days under CPLR 306-b (a) to discover the identities of such unknown parties and serve them with a copy of the summons. We resolve both issues in favor of plaintiffs.

I

CPLR 1024 authorizes the commencement of an action or proceeding against an unknown party or parties under certain specified circumstances. It provides: "A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly."

In order to employ the procedural mechanism made available by CPLR 1024, the plaintiff must show that he made "genuine effort[s] to ascertain the defendants' identities prior to the running of the Statute of Limitations" (*Porter v Kingsbrook OB/GYN Assocs.*, 209 AD2d 497, *appeal dismissed* 86 NY2d 871; *see also, Capital Resources Corp. v Doe*, 154 Misc 2d 864, 865; *see generally,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1024:1, at 234). Absent evidence that "timely efforts" were made to identify the defendants, the plaintiff will not be entitled to avail himself of the procedural mechanism provided by CPLR 1024 (*Porter v Kingsbrook OB/GYN Assocs., supra,* at 497). The plaintiff must show that the persons named as unknown were actually unknown. "To make that showing, counsel should present an affidavit stating that a diligent inquiry has been made to determine the names of such parties" *(Capital Resources Corp. v Doe, supra,* at 865; *see also,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1024.04).

Plaintiffs' counsel demonstrated that they made a genuine and diligent effort to ascertain the identities of all potential

defendants prior to commencement of the action. The record establishes that they were retained on March 24, 1995, more than $2^1/_2$ years after the accident and only four months before the Statute of Limitations was due to expire. The case involved an industrial accident at a complex construction project with many potential defendants who were not readily identifiable. Counsel submitted an affirmation that set forth in detail their efforts to ascertain the names of the "John Doe" defendants prior to expiration of the Statute of Limitations. Those efforts included a review of various reference publications that disclosed the identities of numerous "Mitsubishi Corporations", including the two Mitsubishi corporations named in the summons with notice. The references did not disclose that MHIA was a wholly owned subsidiary of Mitsubishi Heavy Industries, Ltd. Counsel also reviewed the investigative reports prepared by a workers' compensation carrier that likewise did not disclose the names of the manufacturer or assembler of the power generator equipment involved in the accident. Based upon the limited information available to plaintiffs' counsel at the time that this action had to be commenced, plaintiffs named the two known Mitsubishi corporations as defendants and included "John Doe" defendants as unknown parties in accordance with CPLR 1024. Given the time constraints and the complexity of the litigation, counsel satisfactorily demonstrated that they made a "diligent inquiry" (*Capital Resources Corp. v Doe, supra,* at 865) and "genuine efforts" to ascertain the identities of MHIA and Lill prior to the running of the Statute of Limitations (*Porter v Kingsbrook OB/GYN Assocs., supra*). Thus, we conclude that plaintiffs were entitled to avail themselves of the procedural mechanism under CPLR 1024.

## II

■ We further conclude that, under New York's new commencement-by-filing system, a claim asserted against unknown parties pursuant to CPLR 1024 is deemed to be interposed for Statute of Limitations purposes when the "John Doe" summons with notice is filed with the clerk of the court and that plaintiffs then had an additional 120 days to discover the identities of the unknown parties and to serve them with a copy of the summons pursuant to CPLR 306-b (a).

In 1992 the Legislature amended CPLR 304, changing the method for commencing actions and proceedings to a "commencement by filing" system (*see,* L 1992, ch 216, § 4; *Matter of Spodek v New York State Commr. of Taxation & Fin.,* 85 NY2d

760, 763). Prior to that amendment, an action was deemed commenced for Statute of Limitations purposes at the time of service of process upon the defendant. CPLR 304, as amended, now provides that an action in Supreme Court is commenced by "filing" the summons and complaint or summons with notice with the clerk of the court in the county in which action is brought and that the claim is deemed interposed, for Statute of Limitations purposes, on the date of filing (see, Enos v City of Rochester, 206 AD2d 159, 161). The amendment is designed to provide a clearly ascertainable date that a claim is deemed interposed for Statute of Limitations purposes and eliminate the confusion presented by the diverging Federal and State procedures for commencement of civil actions (see, Mem of Assemblyman Lentol, 1992 NY Legis Ann, at 128). The Legislature, in changing to a commencement-by-filing system, made no change to CPLR 1024. The inescapable conclusion is that CPLR 1024 applies to the new commencement-by-filing system and that an action commenced against unknown parties is deemed interposed, for Statute of Limitations purposes, when the "John Doe" summons with notice is filed with the clerk of the court.

Further, prior to that amendment, plaintiffs could toll the running of the Statute of Limitations by delivering the summons or summons and complaint to the Sheriff in counties outside the City of New York and then by serving the defendant within 60 days of delivery to the Sheriff (see, CPLR 203 [b] [5]). Indeed, that tolling provision still applies to actions commenced in those courts, for example, City Court, where actions still may be commenced by service of process. The CPLR 1024 procedural mechanism applies, and a plaintiff may name unknown parties in a summons and complaint, deliver the summons and complaint naming unknown defendants with the Sheriff, thereby tolling the Statute of Limitations for 60 days pursuant to CPLR 203 (b) (5), and, upon ascertaining the identities of those defendants, serve them within the 60-day period (see, Herbert v Gabel Equip. Corp., 123 AD2d 741).

We perceive no intent on the Legislature's part to deprive litigants in Supreme and County Courts of the CPLR 1024 procedural mechanism under the commencement-by-filing system. Under the new filing system, plaintiffs have 120 days to complete service upon defendants (see, CPLR 306-b [a]). The 120-day period, in effect, replaces the tolling provision provided by CPLR 203 (b) (5) in courts governed by the commencement-by-filing system. We conclude that, after ascertaining the

identities of the defendants within the 120-day period, plaintiffs may serve those entities with an amended summons and complaint naming them as defendants (*see, Herbert v Gabel Equip. Corp., supra*).

Accordingly, the order should be modified by granting plaintiffs' motion for leave to file and serve a supplemental summons with notice naming MHIA and Lill as defendants and denying the cross motion of Lill to dismiss the complaint against it.

DENMAN, P. J., GREEN, BOEHM and FALLON, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by BALIO, J.