■ CARMEN FOUNTAIN, Respondent, v OCEAN VIEW II Associates, L.P., Appellant. [701 NYS2d 68] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (LaTorella, J.), dated May 28, 1998, which denied its motion to dismiss the plaintiff's complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff's accident occurred on April 3, 1994, and by

April 4, 1994, she had already retained an attorney. The present action was, however, not commenced until April 1, 1997, two days before the expiration of the Statute of Limitations, when the plaintiff filed a summons and complaint which named only one fictitious corporation, "ABC Corp", as a defendant. Within 120 days thereafter, the plaintiff served an amended complaint in which the appellant Ocean View II Associates, L.P., was named as a defendant. The Supreme Court denied the appellant's subsequent motion to dismiss, finding that the action had been properly commenced (*see, Luckern v Lyonsdale Energy Ltd. Partnership,* 229 AD2d 249). We reverse.

In the *Luckern* case, the plaintiff was properly found to have named a fictitious party in the summons and complaint filed in order to commence the action (*see,* CPLR 1024). We have held that the naming of a fictitious party is allowed only when there is proof of *timely* efforts to identify the correct party (*see, Porter v Kingsbrook OB/GYN Assocs.,* 209 AD2d 497). Here, the plaintiff's efforts to identify the correct party cannot be considered timely when they were admittedly undertaken only on or about March 20, 1997, more than 2 years and 11 months after counsel had originally been retained, and shortly before the Statute of Limitations was to expire. That there was a change of attorneys in the interim is irrelevant. Even if subsequent counsel responded diligently in the face of a critical situation caused by prior counsel's neglect, the fact remains that the plaintiff failed to make timely efforts to identify the correct defendant, and is thus precluded from relying on the provisions of CPLR 1024. Mangano, P. J., Bracken, S. Miller and Sullivan, JJ., concur.