■ NICHOLAS BEVELACQUA, Respondent, v YONKERS GENERAL HOSPITAL et al., Defendants, and PEN FA LEE, M.D., P. C., et al., Appellants. [734 NYS2d 871] —In an action to recover damages for medical malpractice, the defendants Pen Fa Lee, M.D., P. C., and Lubomyr S. Woroch appeal (1) from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 13, 2000, as granted that branch of the plaintiff's motion which was for an extension of time pursuant to CPLR 306-b to serve the complaint on the appellants, to the extent of granting the plaintiff permission to move for such relief "on proper papers," (2), as limited by their brief, from so much of an order of the same court, entered January 2, 2001, as granted the plaintiff's renewed motion pursuant to CPLR 306-b, for an extension of time to serve the complaint on the appellants, and, in effect, upon reargument, adhered to so much of the determination in the order entered October 13, 2000, as granted the plaintiff leave to move for an extension of time pursuant to CPLR 306-b "upon proper papers," and (3) from an order of the same court, entered March 14, 2001, which denied their motion, in effect, for reargument.

Ordered that the appeal from the order entered October 13, 2000, is dismissed, as that order was superseded by so much of the order entered January 2, 2001, as was made upon reargument; and it is further,

Ordered that the appeal from the order entered March 14, 2001, is dismissed, as no appeal lies from an order denying reargument; and it is further

Ordered that the order entered January 2, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court providently exercised its discretion in

granting the plaintiff's application for an extension of time pursuant to CPLR 306-b to serve the complaint on the appellants (*see, Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95; *see also, Campbell v Starre Realty Co.,* 283 AD2d 161).

The appellants' remaining contentions are without merit. Ritter, J. P., Krausman, Goldstein and S. Miller, JJ., concur.