■ METTA M. TUCKER, Respondent, v DANNE LORIEO, M.D., Appellant, et al., Defendants. [738 NYS2d 33] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 17, 2000, which, inter alia, granted plaintiff's motion to amend the caption to replace John Doe, M.D. with Danne Lorieo, M.D., unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff commenced this wrongful death action as administratrix of the estate of her daughter based on her death in October 1996 following medical care and treatment rendered at St. Luke's-Roosevelt Hospital Center. The complaint named as defendants the hospital, two doctors and "John Doe, M.D. said name being fictitious and unknown." Doe was described in the complaint as a physician licensed by the State of New York with privileges at the defendant hospital and as a doctor who performed cholecystectomy surgery on plaintiff's decedent. The action was commenced by filing the complaint on October 5, 1998; the statute of limitations on the wrongful death cause of action was to expire on October 20, 1998. One year later, plaintiff moved pursuant to CPLR 1024 to amend the caption to insert defendant Lorieo's name in place of John Doe and for a default judgment to be entered against Dr. Lorieo for failing to appear. The IAS court held substitution permissible since Dr. Lorieo was adequately described and would have known from that description that he was the intended defendant. As an alternative basis for tolling the statute of limitations with respect to Dr. Lorieo, the IAS court held him to be united in interest with the defendant hospital and applied the relation back doctrine of CPLR 203 (c).

To use the John Doe method of CPLR 1024 it must be shown that plaintiff made "genuine efforts to ascertain the defendants' identities prior to the running of the Statute of Limitations" (*Porter v Kingsbrook OB/GYN Assoc.*, 209 AD2d 497, 497, *appeal dismissed* 86 NY2d 871; *see also, Luckern v Lyonsdale Energy Ltd. Partnership*, 229 AD2d 249). To identify Dr. Lorieo, plaintiff had to be able to acquire hospital records; to have authority to request such records, plaintiff had to be appointed guardian and acquire letters of administration. Plaintiff was first able to request those records on September 24, 1998 and commencement by filing the John Doe summons and complaint on October 5, 1998 was reasonable. Once commenced by filing,

the statute was tolled for 120 days pursuant to CPLR 306-b. Plaintiff took no steps, however, to ascertain Lorieo's identity and serve him with the summons and complaint. Plaintiff did not request decedent's hospital records until 10 months after the filing of the summons and complaint and did not move to amend the caption until more than one year after commencement, long after the statute of limitations had expired (*see, Luckern v Lyonsdale Energy Ltd. Partnership, supra* at 254; *Lebowitz v Fieldston Travel Bur.*, 181 AD2d 481).

The IAS court further erred in holding that timely service on the defendant hospital was timely service on Lorieo. Lorieo was not employed by the hospital and did not maintain an office there. Where the new defendant is united in interest with a defendant named in the original complaint, CPLR 203 (c) allows amendment to assert a claim against a new defendant, even though the statute of limitations has run. To invoke this relation back doctrine, a plaintiff must show that: (1) both claims arise out of the same transaction; (2) the new party is united in interest with the original defendant such that their respective defenses are the same and they stand or fall together; and (3) the new party knew or should have known that but for the mistake of the plaintiff in failing to identify all proper parties, the action would have been brought against him (*Buran v Coupal*, 87 NY2d 173).

Here, both claims arose out of the same transaction, and since plaintiff's decedent presented at the emergency room of the hospital for treatment, and the emergency room doctor, Lorieo, administered care, defendant hospital and defendant Lorieo are united in interest based on the vicarious liability of the hospital. In this case, however, the failure to identify Lorieo in the original summons and complaint and make timely service on him was not due to a mistake on the part of plaintiff in identifying the proper parties. Rather, it was due to plaintiff's failure to timely request the hospital record and ascertain Lorieo's identity (*Berg v John T. Mather Mem. Hosp.*, 131 AD2d 618; *see also, Smith v Cutson*, 188 AD2d 1034, *lv denied* 81 NY2d 707). Subsequent to commencement, plaintiff did not diligently attempt to ascertain Lorieo's actual identity even though a generous tolling period was available. Concur—Saxe, J.P., Buckley, Friedman and Marlow, JJ.