JOHN SCOMA, Appellant, v JOHN DOE et al., Respondents. SEA CREST DEVELOPMENT CORP., Proposed Additional Respondent. [767 NYS2d 840]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Martin, J.), dated June 26, 2002, which denied his motion for leave to amend the summons and complaint to add Sea Crest Development Corp., as a defendant and his motion to name Rich Pastecchi as a defendant in lieu of "John Doe Whose Name is Unknown But Intended to be the Driver," and granted the cross motion of the defendants Sea Crest Construction Corp., and Peter Scalamandre & Sons, Inc., doing business as Scalamandre Construction, for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court dated December 16, 2002, which denied his motion, denominated as one for leave to renew and reargue, but which was, in effect, for leave to reargue.

Ordered that the appeal from the order dated December 16, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 26, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents and the proposed additional defendant-respondent appearing separately and filing separate briefs.

The Supreme Court properly denied the plaintiff's motion for leave to amend the summons and complaint to add Sea Crest Development Corp. (hereinafter Sea Crest) as a defendant. The statute of limitations expired and the plaintiff failed to demonstrate that the relation-back doctrine was applicable (*see* CPLR 203 [b]; *Buran v Coupal*, 87 NY2d 173 [1995]). Related corporations are united in interest only where one corporation is vicariously liable for the acts of the other (*see Desiderio v Rubin*, 234 AD2d 581, 582-583 [1996]; *Capital Dimensions v Oberman Co.*, 104 AD2d 432, 433-434 [1984]). The plaintiff failed to establish that Sea Crest had any relationship with either of the defendants that would give rise to vicarious liability (*see Connell v Hayden*, 83 AD2d 30, 45 [1981]). Moreover, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 1024 to substitute Rich Pastecchi in place of the fictitious "John Doe" defendant since the plaintiff failed to prove that he made timely efforts to identify the correct party before the statute of limitations expired (*see Fountain v Ocean View II Assoc.*, 266 AD2d 339, 340 [1999]; *Porter v Kingsbrook OB/GYN Assoc.*, 209 AD2d 497 [1994]), or that Rich Pastecchi was united in interest with either of the defendants (*see Buran v Coupal, supra*).

Furthermore, since the defendants Sea Crest Construction Corp., and Peter Scalamandre & Sons, Inc., doing business as Scalamandre Construction submitted evidence demonstrating that they did not own the tractor-trailer from which the plaintiff allegedly fell, exercised no supervisory control over the construction project or the unloading of the tractor-trailer, or had any other connection with the construction project where the accident occurred, and the plaintiff raised no triable issue of fact in opposition thereto, the cross motion for summary judgment was properly granted (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's subsequent motion, denominated as one for renewal and reargument, was not based upon new facts which were unavailable to him at the time of the original motion and cross motion. Therefore, the motion was, in effect, one for leave to reargue, the denial of which is not appealable (*see Ali v Tip Top Tows*, 304 AD2d 683 [2003]; *Muro v Bay Ready Mix & Supplies*, 282 AD2d 584 [2001]).

The plaintiff's remaining contentions either are not properly before this Court or are without merit. Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.