OPINION OF THE COURT
Philip G. Minaedo, J.
Motion of defendant Ordoukhanian for dismissal of this action pursuant to CPLR 3211 (a) (5) is denied.
This is a consolidated action to recover compensatory damages for personal injuries allegedly sustained by plaintiff Peter Maurro as the result of defendants’ medical malpractice.
Plaintiffs originally commenced this action on or about December 2, 2003, when they purchased index No. 13580/2003 in an action entitled “Peter Maurro and Julie Maurro v Josianne Lederman, M.D., Wojctiech Szaniawski, M.D., and Pathology Associates, EC.”
On or about September 7, 2004, plaintiffs commenced a second action, entitled “Feter Maurro and Julie Maurro v Lisa Marie Coppa, M.D., ‘Jane Doe’, M.D., a/k/a ‘Jane’ Usa, M.D., the physician who treated Peter Maurro at Josianne Lederman’s office whose name is fictitious as presently unknown, Wojiech Szaniawski, M.D., Pathology Associates, EC., Hyun-Soon Ellen Kwark, M.D. and Quest Diagnostics” (Index No. 12587/04).
According to plaintiffs’ process servers, defendant Ordoukhanian was personally served in the September 2004 action on three different occasions.
The first service allegedly occurred by delivering a copy of the September 2004 summons and verified complaint to a concierge at 343 East 74th Street, apartment 118, in Manhattan, on November 10, 2004, and by mailing a copy to defendant at that address, her last known residence, on November 12th. Neither the caption in those papers nor the rider of defendants’ names and addresses attached to the summons listed defendant Ordoukhanian by name.
A second copy of the same summons and complaint allegedly was personally delivered to defendant Ordoukhanian on *865 November 18, 2004 at 108 Grand Avenue in Englewood, New Jersey, her place of business. This copy contained defendant Ordoukhanian’s name and residence address, handwritten, on the attached rider, listing her as an “a/k/a” of Jane Doe/Jane Usa.
Plaintiffs further allege that they subsequently personally served defendant Ordoukhanian with a supplemental summons and amended verified complaint on December 9, 2004, by delivering a copy thereof to a concierge at 343 East 74th Street, apartment 118, in Manhattan, and by mailing a copy to defendant at her last known address on December 13, 2004. The supplemental summons and amended verified complaint were similar to the September 2004 papers except that defendant Ordoukhanian’s name had replaced that of Anne Marie Coppa throughout, and Coppa had been deleted as a named defendant.
Defendant Ordoukhanian then brought this motion to dismiss the complaint as against her as untimely. Plaintiffs cross-moved to consolidate the two actions.
On or about January 13, 2005, this court granted the cross motion and consolidated the two actions, as here captioned, reserving decision on the motion to dismiss.
Defendant Ordoukhanian’s motion for dismissal of the action as against her rests on the ground that plaintiffs’ claims are barred by the applicable statute of limitations of two years, six months. In support of the motion, defendant alleges that she treated the plaintiff, Peter Maurro, between December 6, 2001 and April 11, 2002, and therefore the statute of limitations as to any claims that could have been asserted against her expired on October 11, 2004, before she was first served.
In addition, she alleges that she first received notice of plaintiffs’ action when she read the summons and complaint that was delivered at her residence on or about November 10, 2004. (She claims not to have received the copy sent by mail on or about November 12, 2004.) Although her name did not appear anywhere in the summons and complaint, she forwarded the papers to her insurance carrier.
She further states that approximately a week later she received the second summons and complaint at her medical office in New Jersey, but did not read them through, assuming that they were identical to the first papers she had received. She subsequently learned that her name was handwritten on the second page of those papers. She forwarded these papers to her insurer also.
*866 Defendant now argues that commencement of this action against her is untimely pursuant to CPLR 214-a, and that plaintiffs cannot avail themselves of CPLR 1024 (the so-called “unknown parties” rule) for two reasons: (1) the initial service of process in this action, occurring after the running of the statute of limitations, could not relate back to the earlier commencement date because the summons and complaint in the action did not put her on notice that she was intended to be the “ ‘Jane Doe,’ M.D., a/k/a ‘Jane’ Usa, M.D., the physician who treated Peter Maurro at Josianne Lederman’s office whose name is fictitious as presently unknown”; and (2) as indicated in his August 2004 deposition, at all relevant times plaintiff Peter Maurro knew that the physician who had treated him was not defendant Lederman, but made no efforts to timely ascertain the true identity of the physician during the 10-month period between commencement of the two actions.
In opposition, plaintiffs argue that the claims against defendant Ordoukhanian are timely because: (1) the action in which they were brought was properly commenced by filing on or about September 7, 2004, well before the applicable statute of limitations expired on October 11, 2004, and defendant was served within 120 days of filing in accordance with CPLR 306-b; and (2) defense counsel, who represent defendant Lederman, and who also now represent defendant Ordoukhanian, failed to timely respond to plaintiffs’ discovery demands regarding movant’s identity before the statute of limitations expired, thus frustrating their attempts to name and serve her.
CPLR 1024 provides:
“A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.”
An explicit prerequisite to the use of CPLR 1024 is plaintiffs ignorance of the defendant’s name. Implicit in this requirement is the need for due diligence in seeking to ascertain the defendant’s name prior to commencement of the action (see Tucker v Lorieo, 291 AD2d 261, 261 [1st Dept 2002], citing Porter v Kingsbrook OB/GYN Assoc., 209 AD2d 497, 497 [2d Dept *867 1994], lv granted 86 NY2d 701, appeal withdrawn 86 NY2d 871 [1995] [which found “no evidence in the record that the plaintiff made timely efforts to identify” the unknown defendants]). If the plaintiff knows or should know the defendant’s true name, a “Jane Doe” designation in the summons usually will be treated as a jurisdictional defect (see ABKCO Indus. v Lennon, 52 AD2d 435, 441- 442 [1st Dept 1976] [plaintiff concededly knew defendants’ names prior to commencement of the action]). Here, it is undisputed that plaintiffs were aware that defendant Lederman was not the physician who had treated Peter Maurro; that they did not serve defendant Ordoukhanian until after the statute of limitations would otherwise have run; and that they did not name defendant Ordoukhanian as a party until service of the supplemental summons and amended verified complaint in December 2004. Therefore, the sole issue for determination on this motion to dismiss is whether the filing of the “Jane Doe” complaint in September 2004 was sufficient to meet the requirements of CPLR 1024, thus affording plaintiffs the benefit of the 120-day extension of the statute of limitations in which to serve defendant Ordoukhanian.
Turning first to defendant Ordoukhanian’s argument that plaintiff Peter Maurro knew or should have known her name and identity well before commencement of this action in September 2004, that argument is without support in the record. Rather, it appears that at the time that plaintiffs retained counsel, Peter Maurro had neither any recollection of defendant Ordoukhanian’s identity, nor any records which would assist in identifying her. Indeed, plaintiff Peter Maurro acknowledged at his August 2004 deposition that he was treated by a doctor other than defendant Lederman between December 6, 2001 and April 11, 2002, but that he did not know her name.
Defendant Ordoukhanian further argues that plaintiffs made little or no effort to identify her and therefore the complaint should be dismissed. However, it is clear that plaintiffs’ counsel made considerable efforts to ascertain the name and identity of that doctor after commencement of the first action. Efforts were made to obtain Peter Maurro’s medical records from the defendant Lederman, but the records simply were not promptly produced. Accordingly, plaintiffs had no alternative but to file a complaint which named a fictitious party. Under these circumstances, the court finds that plaintiffs have demonstrated timely and reasonable efforts to identify defendant Ordoukhanian prior to commencement of the September 2004 action (cf. Fountain v Ocean View II Assoc., 266 AD2d 339 [2d Dept 1999]).
*868 Having done so, the sole remaining question on the issue of the applicability of CPLR 1024 is whether plaintiffs’ description of “Jane Doe” in the caption was sufficient to fairly apprise defendant Ordoukhanian that she was the intended defendant (see Justin v Orshan, 14 AD3d 492 [2d Dept 2005]). The description required by CPLR 1024 must be sufficiently complete to identify the defendant and thereby provide her notice and opportunity to defend (Lebowitz v Fieldston Travel Bur., 181 AD2d 481 [1st Dept 1992]). Here, plaintiffs’ description of “Jane Doe” as “a/k/a ‘Jane’ Usa, M.D., the physician who treated Peter Maurro at Josianne Lederman’s office whose name is fictitious as presently unknown” was sufficient for this purpose.
Therefore, the court finds that the commencement of the action on September 7, 2004 was timely as against defendant Ordoukhanian.
Accordingly, it is ordered that the motion is denied.