◼ ANGEL NICOLE REDMOND, Respondent, v JAMAICA HOSPITAL MEDICAL CENTER, Defendant, and KENNETH FRETWELL et al., Appellants. [816 NYS2d 137]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Kenneth Fretwell and Jeffrey Chan appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated October 27, 2004, as granted that branch of the plaintiff's cross motion which was for leave to amend the caption to add them as defendants, and (2) an order of the same court dated June 9, 2005, as, in effect, denied their motion to dismiss the complaint insofar as asserted against them as time-barred pursuant to CPLR 3211 (a) (5), or in the alternative, on the grounds that the plaintiff failed to properly commence the action insofar as asserted against them pursuant to CPLR 1024 and failed to serve them within 120 days after filing.

Ordered that the orders are affirmed insofar as appealed from, with costs.

Ordered that the appeal from the order dated October 27, 2004 is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's decedent died on August 26, 2001 at Jamaica Hospital Medical Center (hereinafter Jamaica Hospital) following surgeries and treatment. At that time, the plaintiff did not know the identities of the operating and treating physicians. On January 14, 2003, approximately one year and five months after the decedent's death, the plaintiff obtained letters of administration in order to obtain the decedent's hospital records and identify the unknown physicians. Thereafter, the plaintiff made diligent efforts to obtain the hospital records from Jamaica Hospital. Beginning in 2003 the plaintiff's attorney and his secretary began contacting Jamaica Hospital to obtain the records. This inquiry extended for the next six months, to no avail. The plaintiff ultimately had to obtain an order to show cause to compel production of the records. Under these circumstances, the plaintiff was permitted to commence an action pursuant to CPLR 1024 against the unknown physicians, as "John Doe #1"

and "John Doe #2," before the statute of limitations expired (*see Harris v North Shore Univ. Hosp. at Syosset,* 16 AD3d 549, 550 [2005]; *Luckern v Lyonsdale Energy Ltd. Partnership,* 229 AD2d 249, 253-255 [1997]; *Maurro v Lederman,* 7 Misc 3d 863, 867-868 [2005]; Weinstein-Korn-Miller, NY Civ Prac ¶ 1024.04; *cf. Fountain v Ocean View II Assoc.,* 266 AD2d 339, 340 [1999]; *Porter v Kingsbrook OB/GYN Assoc.,* 209 AD2d 497 [1994]; *Capital Resources Corp. v Doe,* 154 Misc 2d 864 [1992]).

Although after filing the action against the John Doe defendants, the plaintiff had only "120 days to discover the identities of the unknown parties and to serve them with a copy of the summons pursuant to CPLR 306-b (a)" (*Luckern v Lyonsdale Energy Ltd. Partnership, supra* at 254, 255; *see Opiela v May Indus. Corp.,* 10 AD3d 340, 341 [2004]; *Berg v Mather Mem. Hosp.,* 131 AD2d 618, 619 [1987]), in the interest of justice and in the absence of prejudice to the defendant physicians, an extension of time to effect service upon them was necessary (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95, 104-106 [2001]; CPLR 306-b). The plaintiff made diligent efforts to discover the identities of the physicians before and after filing to effectuate service. Her efforts culminated with two orders to show cause, one of which was withdrawn after finally receiving the records. Even when the hospital records were produced, on the last day the plaintiff had to timely serve, they were incomplete. One of the physicians never drafted an operative report. He finally completed it more than one month after the deadline for the plaintiff to serve, and 2½ years after the decedent's surgery. Under these circumstances, the plaintiff established good cause for the delay in service (*see Leader v Maroney, Ponzini & Spencer, supra* at 105; *Bevelacqua v Yonkers Gen. Hosp.,* 289 AD2d 355, 356 [2001]; *cf. Baione v Central Suffolk Hosp.,* 14 AD3d 635, 636-637 [2005]; *Carluzzo v Aly,* 9 Misc 3d 1102[A], 2005 NY Slip Op 51380[U] [2005]), and that an extension should have been granted in the interest of justice without any demonstrable prejudice to the physicians (*see Castillo v Navarro,* 13 AD3d 329, 330 [2004]; *White v Maradiaga,* 8 AD3d 559 [2004]; *Citron v Schlossberg,* 282 AD2d 642 [2001]).

The appellants' remaining contentions either are unpreserved for appellate review or have been rendered academic in light of our determination. Florio, J.P., Adams, Spolzino and Lunn, JJ., concur.