OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
In an action for replevin pursuant to CPLR article 71 and other relief, transferred to this court by an order of the Supreme Court, Nassau County (Feinman, J.) dated October 16, 2007, the plaintiffs move: (1) pursuant to CPLR 3124 to compel defendants Christie’s, Inc. and Sotheby’s, Inc. to comply with request Nos. 1 through 8 of their first notice for discovery, dated June 8, 2007, and (2) pursuant to CPLR 306-b to extend their time to serve the “John Doe” defendants until two months after the requested documents are produced.
At issue in this action, and a related proceeding commenced by the plaintiffs in this court pursuant to SCPA 2102 and 2105, is ownership of more than 200 works of art by Willem de Kooning (hereinafter the subject artwork). The plaintiffs are the first wife (Celia Vogel) and three daughters of decedent Henry Vogel, and they claim ownership of the subject artwork. According to Celia Vogel, she owns most of the subject artwork pursuant to the 1993 separation agreement between her and the decedent. The decedent’s three daughters allege that they received the balance of the subject artwork as gifts directly from de Kooning. However, it is undisputed that the decedent and his second wife, defendant Marjorie Kassner formerly known as Marjorie Kassner-Vogel, possessed the subject artwork when the decedent died in January 2004, and that it remained in Ms. Kassner’s possession following the decedent’s death. Ms. Kassner claims that they are assets of the decedent’s estate.
*855 In August 2002, March 2003, and. September 2003, the decedent, and in April 2004, Ms. Kassner, as executrix of the decedent’s estate, consigned some of the subject artwork to defendant Sotheby’s, Inc. for auction. Apparently, all of the consigned items were sold at auction.
In 2004, the decedent and Ms. Kassner consigned some of the subject artwork to defendant Christie’s, Inc. for auction, and in 2005, after the decedent’s death, Ms. Kassner, as executrix of his estate, consigned additional pieces of the subject artwork to Christie’s for auction. In 2004 and 2005, Christie’s auctioned the consigned artwork. Prior to the final scheduled auction, the decedent’s daughters learned of the consignment and final pending auction (Salzman affirmation, exhibit A). By letter dated March 14, 2005, David S. Lande, Esq., the attorney for the decedent’s three daughters, memorialized an agreement between the decedent’s daughters, Ms. Kassner and Christie’s whereby the final sale of the artwork consigned to Christie’s by Ms. Kassner would proceed, subject to certain conditions. Nothing indicates that Celia Vogel was a party to this agreement (Laird affirmation, exhibit A). Christie’s sold the artwork that was the subject of that agreement, but it still holds other pieces of the subject artwork (Salzman affirmation, exhibit A).
In May 2007, the plaintiffs commenced this action in Supreme Court, Nassau County, for replevin of the subject artwork against multiple defendants, including Sotheby’s and Christie’s. They also named several categories of “John Doe” defendants, being the persons and/or entities who purchased the items of the subject artwork auctioned by Christie’s or Sotheby’s. The plaintiffs have also asserted causes of action for conversion and for money had and received against all defendants.
In item Nos. 1 through 8 of their first notice for discovery pursuant to CPLR 3120, the plaintiffs demanded that the defendants, particularly Sotheby’s and Christie’s, produce certain documents which would identify those persons/entities who purchased the items of the subject artwork which each had auctioned. Sotheby’s and Christie’s each objected to the requested disclosure.
Each defendant separately moved in Supreme Court, Nassau County, inter alia, to transfer the action to this court. In response, the plaintiffs moved pursuant to CPLR 3124 to compel Sotheby’s and Christie’s to comply with demand Nos. 1 through 8 of their first notice for discovery. They also requested pursuant to CPLR 306-b that the court extend their time to serve the *856 “John Doe” defendants until two months after the requested documents are produced. By order dated October 16, 2007, the Supreme Court, Nassau County (Feinman, J.), granted the defendants’ motions to transfer the action to this court pursuant to CPLR 325 (e), but it did not decide the plaintiffs’ motion (Salzman affirmation, exhibit I).
In opposition to the motion, Sotheby’s asserts that the court should not compel the requested disclosure because of a confidentiality agreement which precludes it from disclosing the identities of its buyers. It claims that its relationships with its buyers is based upon the buyers’ trust that Sotheby’s will respect this agreement and their privacy. Further, it contends that disclosing the buyers’ identities could harm Sotheby’s business advantage if future buyers go to its competitors. Finally, Sotheby’s speculates that the buyers themselves may be in some way disadvantaged in their own businesses, or have their personal security placed in jeopardy, if their identities are disclosed.
Christie’s also opposes the motion. It asserts that it will be harmed by disclosing the names of its buyers because its customers expect that it will convey good title to the artwork which they purchase. Christie’s claims that embroiling them in litigation over title to that artwork will damage its standing with those customers and its reputation in the art world generally.
CPLR 3101 (a) requires “full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” This rule is “to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]), and the regulation of disclosure is generally left to sound discretion of the trial court (Scalone v Phelps Mem. Hosp. Ctr., 184 AD2d 65, 70 [1992]).
Applying the foregoing to the facts of this case, the court grants that branch of the plaintiffs’ motion to compel Sotheby’s and Christie’s to comply with request Nos. 1 through 8 of their first notice for discovery. In simplest terms, the identity of those individuals and/or entities who purchased some of the subject artwork from Sotheby’s and Christie’s is material and necessary to the prosecution of the plaintiffs’ causes of action against them (Matter of Alexander v Spanierman Gallery, LLC, 33 AD3d *857 411 [2006]; cf. Matter of Peters v Sotheby’s Inc., 34 AD3d 29, 35-36 [2006]). Without this information, the plaintiffs cannot identify those individuals or entities who may currently possess some of the subject artwork.
The court rejects the contention by Sotheby’s and Christie’s that they should not have to provide such disclosure until after the plaintiffs establish that they are entitled to the return of the subject artwork. The plaintiffs need not prove their claim in order to be entitled to disclosure under CPLR 3101. Although the disclosure sought will not help the plaintiffs prove that they own the subject artwork, they cannot effectively commence an action for replevin against those in possession of the artwork without this information. This is because a substantive element of a cause of action for replevin is that the plaintiff demand the return of the subject property and the one in possession thereof refuses to return it (see Solomon R. Guggenheim Found, v Lubell, 77 NY2d 311, 319 [1991]). Without knowing who purchased the subject artwork, the plaintiffs cannot demand its return. Nor can they obtain any provisional remedy against those in possession of any of the subject artwork (see CPLR 7102 [d]; 7109 [a]), and denying this disclosure now increases the chance that some of the subject artwork might be resold and placed beyond the jurisdiction of this court.
The court also concludes that requiring the plaintiffs to prove their ownership of the subject artwork before obtaining the identities of the buyers thereof would potentially result in a waste of judicial resources. If the plaintiffs successfully prove that they own the subject artwork, they would be no closer to recovering its actual possession under those circumstances. They would still have to determine who is in possession of the artwork which was sold through Sotheby’s and Christie’s, demand its return, and, assuming such demand was refused, commence a replevin action against those in possession.
Accordingly, the court directs Sotheby’s and Christie’s to comply with request Nos. 1 through 8 of the plaintiffs first notice for discovery, dated June 8, 2007, within 20 days of the date of service of a copy of this decision and order.
Next, the court turns to that branch of the plaintiffs’ motion which requests an extension of time to serve the “John Doe” defendants. Initially, it is worth noting that “a claim asserted against unknown parties pursuant to CPLR 1024 is deemed to be interposed for Statute of Limitations purposes when the ‘John Doe’ summons with notice [or summons and *858 complaint] is filed with the clerk of the court” (Luckern v Lyonsdale Energy Ltd. Partnership, 229 AD2d 249, 254 [1997]; see Redmond v Jamaica Hosp. Med. Ctr., 29 AD3d 768 [2006]). Pursuant to CPLR 306-b, the plaintiff then has 120 days to learn the actual identities of the unknown defendants and serve them, or at some point move to extend the time for service (see Redmond v Jamaica Hosp. Med. Ctr., supra).
CPLR 306-b provides, in relevant part, that the court shall “upon good cause shown or in the interest of justice, extend the time for service.” The Court of Appeals has made clear that these are two separate standards (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104 [2001]). In order to be entitled to an extension for “good cause shown,” a plaintiff must show, at the very least, reasonable diligence in attempting to effect proper service on the defendant (see Leader v Maroney, Ponzini & Spencer, supra; Riccio v Ghulam, 29 AD3d 558 [2006]; Kazimierski v New York Univ., 18 AD3d 820 [2005]). Other factors to consider are whether the plaintiff has a meritorious cause of action, the prejudice, if any, to the defendant, and the length of delay in moving for the extension (see Baione v Central Suffolk Hosp., 14 AD3d 635 [2005]; Henig v Good Samaritan Med. Ctr., 301 AD2d 571 [2003]; Matter of DeSilva v Town of Brookhaven, 299 AD2d 409 [2002]). “The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties,” but it does not require a showing of reasonable diligence in attempting to effect proper service on the defendant (see Leader v Maroney, Ponzini & Spencer at 105).
Generally, where a plaintiff has made diligent efforts to discover the identities of the unknown defendants, an extension of time to serve those defendants is appropriate (see Redmond v Jamaica Hosp. Med. Ctr., 29 AD3d at 770). In this case, however, the causes of action for replevin and conversion against the “John Doe” defendants are premature. As stated previously, a substantive element of a cause of action for replevin is that the plaintiff demand that the one in possession of the subject property return it and the refusal of such demand (see Solomon R. Guggenheim Found, v Lubell, 77 NY2d at 317-318). Because the plaintiffs have not demanded the return of the subject artwork from the “John Doe” defendants, the statute of limitations has not commenced running against those defendants (id.). Similarly, the cause of action for conversion is premature because “a bona *859 fide purchaser who performs no wrongful act relative to a plaintiff’s goods is ensured ‘an opportunity to deliver the property to the true owner, before he shall be made liable as a tort feasor for a wrongful conversion’ ” (State of New York v Seventh Regiment Fund, 98 NY2d 249, 260 [2002], quoting Gillet v Roberts, 57 NY 28, 34 [1874]). Again, the “John Doe” defendants have not been afforded an opportunity to deliver the subject artwork to the alleged true owners. Because these causes of action have not yet accrued, they are prematurely asserted against the “John Doe” defendants. Therefore, at this time there is no need to extend the plaintiffs time to serve them under CPLR 306-b with respect to these causes of action.
The other cause of action alleged by plaintiffs is for money had and received. This “is an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another” (Parsa v State of New York, 64 NY2d 143, 148 [1984]; Matter of Witbeck, 245 AD2d 848, 850 [1997]), and subject to a six-year statute of limitations (see CPLR 213; Board of Educ. of Sachem Cent. School Dist. at Holbrook v Jones, 205 AD2d 486 [1994]; Brewer v State of New York, 176 Misc 2d 337 [1998]). Logically, this cause of action only exists against any “John Doe” defendant who, having purchased an item of the subject artwork through Sotheby’s or Christie’s, has since resold it. And, the cause of action will accrue, at the earliest, on the date of the subsequent sale. In exhibit A to their amended complaint, the plaintiffs have identified the works sold through Christie’s and Sotheby’s, and the earliest sale date for any specific item is November 13, 2002. Thus, the earliest that the statute of limitations on the cause of action for money had and received against a “John Doe” defendant will run is in November 2008.
Accordingly, at this time the court sees no reason to extend the plaintiffs’ time to serve the “John Doe” defendants, and that branch of the motion is denied without prejudice to renew. If, upon being provided with the disclosure set forth above, the plaintiffs demand the return of the subject artwork from those who purchased it from Sotheby’s and/or Christie’s, and such demand(s) is/are refused, or if they discover that any “John Doe” defendant has resold any of the subject artwork, the plaintiffs may move to amend their complaint to add such persons and/or entities as defendants in this action (see CPLR *860 3025) and renew that branch of their motion which is to extend their time to serve such defendants under CPLR 306-b.
Finally, at this time, the court makes no determination as to whether the plaintiffs have satisfied the requirements of CPLR 1024 in commencing the action against the “John Doe” defendants.