[863 NYS2d 701]

In the Matter of CHARLES BERKMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 2, 2008

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

*Fox Horan & Camerini LLP* (*John R. Horan* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 21, 1953.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a verified petition, dated November 30, 2006, containing five charges of professional misconduct. After a preliminary hearing on June 19, 2007, and hearings on July 10, 2007, July 25, 2007 and August 16, 2007, Special Referee Ferber sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent's counsel has submitted an affirmation urging that the report be disaffirmed, except as to certain findings with respect to charge three, and that the Court, should it confirm the report, consider the mitigating and extenuating evidence and impose a public censure as the appropriate measure of discipline.

Charges one through five relate to the handling of two lawsuits by the respondent's law firm, the Law Office of Charles Berkman.

Charge one alleges that the respondent neglected a legal matter entrusted to him by failing to file a note of issue by December 14, 2000, or to appear for a compliance conference on that date, resulting in the discontinuance of a client's case, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and DR 1-102 (a) (7) (22 NYCRR

1200.3 [a] [7]). The respondent was retained by Mary Allen in February 1994 to represent her in a personal injury action against the City of New York. Allen allegedly slipped and fell on the Staten Island Ferry on December 4, 1993, causing her to sustain injuries to her back and knees. Between February 1994 and December 2000, the respondent's law firm performed various legal services on Allen's behalf, including the service of a notice of claim and the filing of a summons and complaint. By order dated October 10, 2000, the respondent was directed to file a note of issue by December 14, 2000, or, if a note of issue was not filed, to appear for a compliance conference on that date. The respondent failed to file a note of issue or appear on December 14, 2000, resulting in the discontinuance of Allen's case.

Charge two alleges that the respondent delegated certain responsibilities to other lawyers employed by his law firm during the pendency of Allen's action, that the respondent failed to adequately supervise those lawyers, and that the respondent knew or should have known that Allen's action was not being handled in a proper manner or was not progressing in a timely manner, in violation of Code of Professional Responsibility DR 1-104 (c), (d) (2) (22 NYCRR 1200.5 [c], [d] [2]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge three alleges that the respondent improperly misappropriated funds that had been entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). Discovering in 2005 that the case had been discontinued, and concluding that the case could not be reactivated, the respondent offered to pay Allen the amount of money she would have received if the City of New York had settled her case for $15,000. Upon Allen's acceptance of the offer, the respondent deducted his legal fees from the fictitious settlement offer and issued Allen his check No. 5777 in the amount of $9,128.52 from his escrow account. At the time, the respondent's escrow account held funds entrusted to him as a fiduciary by other individuals. Consequently, the respondent invaded other client funds when he issued check No. 5777 to Allen on August 29, 2005.

Charge four alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In March 1997 the respondent was retained by Metta A. Tucker, as executrix of the estate of her daughter, Lorraine

Tucker, to prosecute a medical malpractice action against the hospital and operating surgeon whose alleged negligence purportedly led to the wrongful death of her daughter on October 20, 1996. In October 1998 the respondent commenced a wrongful death and medical malpractice action on behalf of Tucker against the hospital, two named doctors, and the operating surgeon, identified as "John Doe, M.D." Medical records were requested on February 8, 1999. On October 27, 1999, the respondent moved for leave to amend the complaint to name the operating surgeon, Danne Lorieo. The motion was granted by the Supreme Court, but reversed by the Appellate Division, First Department (see Tucker v Lorieo, 291 AD2d 261 [2002]). The First Department found that the respondent failed to identify the operating surgeon in the original summons and complaint due to his failure to timely request the hospital record, and that after the commencement of the lawsuit, failed to diligently attempt to ascertain the operating surgeon's actual identity, despite the tolling period of 120 days pursuant to CPLR 306-b. As a result, Dr. Lorieo was not served with a summons and complaint until after the expiration of the statute of limitations.

The respondent failed to advise Tucker of the decision of the Appellate Division, First Department and its consequences prior to her accepting a settlement in the sum of $200,000 from the hospital on or about December 10, 2002. The respondent failed to return telephone calls from and communicate with Tucker after the settlement and failed to take any action to complete the settlement until after a complaint was filed with the Grievance Committee in or about July 2005. As a result of the respondent's alleged neglect and delay, the Surrogate's Court did not approve the settlement until April 4, 2006, and the settlement proceeds were not distributed until August 2006.

Charge five alleges that the respondent delegated certain responsibilities to other lawyers employed by his law firm during his representation of Tucker, but did not regularly meet with the lawyers assigned to Tucker's case and was not aware when the hospital records were requested and what steps were taken to identify the operating surgeon and have him served. It is further alleged that, in the exercise of reasonable management or supervisory authority, the respondent knew or should have known of the need to timely obtain the hospital record, identify the operating surgeon, and have him served prior to expiration of the statute of limitations. After settlement of the action, the

respondent failed to have the lawyers in his office communicate with Tucker and file the necessary papers with the Surrogate's Court to timely complete the settlement. By reason of the foregoing, the respondent is alleged to have violated Code of Professional Responsibility DR 1-104 (c), (d) (2) (22 NYCRR 1200.5 [c], [d] [2]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In a verified answer dated January 16, 2007, the respondent admitted to the chronology of events and the basic facts underlying the charges set forth in the petition, but denied that he committed professional misconduct. Although the respondent acknowledges that, as the sole partner in his law firm during the relevant time period, he is responsible for the acts and omissions of his employees, he maintains that he neither neglected the Allen and Tucker cases nor failed to provide adequate supervision. Any lapses which occurred were attributable to "his office administratively malfunction[ing] on these two cases."

Based on the evidence adduced, including the respondent's admission of pertinent facts, the Special Referee properly sustained all five charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's cross motion to disaffirm is denied.

In mitigation, the respondent has submitted affidavits or affirmations from himself, Arnold Lande, his daughter Marna Berkman, and his other two daughters Johanna Berkman and Meredith Berkman. The Grievance Committee objects to the affidavits or affirmations of the respondent, Arnold Lande, and Marna Berkman to the extent that they attempt to provide additional information regarding facts and issues previously testified to at the hearing and go beyond mere character evidence. In addition, the respondent has submitted affidavits or affirmations from 16 other individuals, all of whom attest to the respondent's good character and fitness to practice law.

The respondent submits, as mitigation, the following factors or considerations: his 50 years of practice as an attorney servicing innumerable clients, many of whom would not otherwise have obtained legal representation; the terminal illness and eventual demise of his wife, who had acted as an office manager for his practice; that his daughter, Marna Berkman, with four young children, particularly a child afflicted with a serious brain injury, was required to spend significant periods of time out of the office; the lack of venality on the respondent's part; the respondent's sincere remorse and contrition; the decision in

January 2007 to make Marna Berkman a managing partner in his practice, now the Berkman Law Office, LLC; the recent administrative reforms implemented in his practice (a complete overhaul including new staff, new computer equipment and software, annual reviews for all cases) to prevent cases from getting "lost" in court or in the office; and the career-ending effect any sanction, greater than a public censure, will most likely have on the respondent's life in view of his advanced age, not to mention the devastating effect on the firm given the respondent's role in the firm.

The respondent has an extensive prior disciplinary record, consisting of five letters of caution and eight admonitions, spanning the period 1975 to 2004. Many of the incidents are similar in nature to the lapses which occurred in the Allen and Tucker cases, i.e., neglect of client matters, inadequate supervision of attorneys, failure to adequately communicate with his clients or adversaries, failure to appear for a case, and failure to timely finalize a settlement.

In view of the mitigating circumstances and the respondent's extensive prior disciplinary history, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that the respondent, Charles Berkman, is suspended for a period of three years commencing September 26, 2008, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Charles Berkman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Charles Berkman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Charles Berkman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).