Markov v Stack's LLC (Delaware) (2018 NY Slip Op 03238)





Markov v Stack's LLC (Delaware)


2018 NY Slip Op 03238


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Singh, Moulton, JJ.


6445 650033/14

[*1]Dmitry Markov, Plaintiff-Appellant,
v Stack's LLC (Delaware), Defendant-Respondent.


Law Offices of Sanford F. Young, P.C., New York (Sanford F. Young of counsel), for appellant.
Bruce N. Lederman, New York, for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered January 12, 2017, which granted defendant's motion to dismiss the amended complaint on the ground that the action was not commenced within the applicable statute of limitations, unanimously affirmed, without costs.
The motion court properly dismissed the complaint on the ground that it was served after the statutory limitations period had expired. Plaintiff's claims arose on January 14, 2008. The original complaint in this action, which was filed on January 6, 2014 (just days before the six-year statute of limitations expired), did not name Stack's LLC as a defendant, nor did it name defendant Stack's LLC (Delaware). The amended complaint, which for the first time named Stack's LLC (Delaware) as a defendant, was not filed until January 24, 2014 — more than a week after the statute had run. Plaintiff cannot properly rely on CPLR 1024 as a shield from the statute of limitations. Even assuming that the appellation "John Doe" referred to a corporation rather than a natural person, the complaint's description of the John Doe defendant was not described in such a way as to fairly apprise Stack's LLC (Delaware) that it was an intended defendant (see Bumpus v New York City Tr. Auth., 66 AD3d 26, 29—30 [2d Dept 2009]; see Tucker v Lorieo, 291 AD2d 261, 262 [1st Dept 2002]). Thus, the inadequate description rendered the action jurisdictionally defective (Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1165 [2d Dept 2010]).
Plaintiff's remaining arguments are not preserved for appeal. Were we to consider those arguments, we would find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK